UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61198-CIV-ALTONAGA/O'Sullivan

**SHANE FLAUM**,

 Plaintiff,
v.

**DOCTOR'S ASSOCIATES, INC.**,

 Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Doctor's Associates, Inc.'s ("Defendant[']s") Motion . . . to Certify Order for Immediate Appeal ("Motion") [ECF No. 31], filed September 23, 2016. Plaintiff, Shane Flaum ("Plaintiff") filed a Memorandum in Opposition . . . ("Response") [ECF No. 33] on October 10, 2016; to which Defendant filed a Reply . . . ("Reply") [ECF No. 35] on October 20, 2016. Plaintiff filed a Sur-Reply . . . ("Sur-Reply") [ECF No. 39] on October 25, 2016. The Court has carefully reviewed the parties' submissions, the record, and applicable law. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

On June 6, 2016, Plaintiff filed a one-count Complaint [ECF No. 1] against Defendant for violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. section 1681(c)(g). (*See generally* Compl.). Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing the Court lacked subject-matter jurisdiction because Plaintiff failed to allege an injury-in-fact and thus he did not have Article III standing. (*See generally* Motion . . . to Dismiss . . . ("Motion to Dismiss") [ECF No. 15]). On August 29, 2016, the Court entered an Order ("August 29 Order") [ECF No. 27] denying Defendant's Motion to

Dismiss. In the August 29 Order, the Court found the FACTA created a substantive legal right and Plaintiff suffered a concrete harm when he received a receipt violating section 1681(c)(g); thus, Plaintiff had sufficiently alleged an injury-in-fact conferring subject-matter jurisdiction. (*See generally id.*). Defendant now seeks certification for interlocutory appeal, under 28 U.S.C. section 1292(b), to challenge the August 29 Order. (*See* Mot. 2).

## II. LEGAL STANDARD

Under 28 U.S.C. section 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable[,] . . . shall be of the opinion that such order [(1)] involves a controlling question of law as to which [(2)] there is a substantial ground for difference of opinion and that [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." 28 U.S.C § 1292(b) (alterations added). In addressing the three statutory factors, the moving party bears "the burden of persuading the court . . . exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (alteration added; citation and internal quotation marks omitted; *see also Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex rel. Welt*, No. 12-23707-CIV, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26, 2013).

The Eleventh Circuit has articulated a strong presumption against interlocutory appeals. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("Because permitting piecemeal appeals is bad policy, permitting liberal use of [section] 1292(b) interlocutory appeals is bad policy." (alteration added)); *see also Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive . . . and consequently are generally disfavored." (alterations

added; quotation marks and internal citations omitted)); *Gaisser v. Portfolio Recovery Assocs., LLC*, No. 08-60177-CIV, 2009 WL 590167, at *2 (S.D. Fla. Feb. 26, 2009) ("Federal courts are in agreement that interlocutory appeals are rarely appropriate."). Furthermore, section "1292(b) certification is wholly discretionary with both the district court and th[e] [appeals court]." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008) (alterations added).

### III.  DISCUSSION

Defendant would like the Eleventh Circuit to rule on whether the undersigned was correct in concluding the FACTA created a substantive right and Plaintiff suffered an injury-in-fact conferring Article III standing. But Defendant fails to meet its high burden under section 1292(b), *see id.* (Section "1292(b) sets a high threshold for certification to prevent piecemeal appeals"), and fails to demonstrate exceptional circumstances exist warranting an exception to the general rule against granting interlocutory appeals, *see S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1335, 1336 (N.D. Ga. 2013) ("Certification for immediate appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances." (citing *McFarlin*, 381 F.3d at 1256)).

As to the first factor under section 1292(b), "[a] 'controlling question of law' means a 'question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *Jowers v. State Farm Fire & Cas. Co.*, No. 1:04-CV-1213-MEF, 2006 WL 821380, at *1 (M.D. Ala. Mar. 28, 2006) (alteration added) (quoting *McFarlin*, 381 F.3d at 1258). Defendant meets this first factor because whether the FACTA creates a substantive right, and thus a violation of the statute results in a concrete harm, is a question of law, not fact. However,

3

Defendant does not meet the second factor that there be "substantial ground for difference of opinion." 18 U.S.C § 1292(b).

"[T]he mere presence of a controlling question of law is not sufficient to warrant § 1292(b) certification; rather, the statute requires 'substantial ground for difference of opinion' as to that controlling question of law." *Shedd v. Wells Fargo Bank, N.A.*, No. CV 14-0275-WS-M, 2016 WL 4565775, at *3 (S.D. Ala. Aug. 31, 2016) (alteration added). "Substantial ground for difference of opinion exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assoc., P.C*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015) (citations omitted). The fact a question "is one of first impression, standing alone, is insufficient" to establish a substantial ground for difference of opinion exists because "the district judge has the obligation to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether to certify." *Id.* (citations and internal quotation marks omitted).

Defendant contends the question of law meets the second factor because "there is no controlling authority for the question" for which it seeks review and there are conflicting decisions. (*See* Mot. 10–17). For this proposition, Defendant primarily relies on cases outside of this circuit that do not discuss the FACTA and fails to cite a single case in this circuit answering the question differently. (*See id.*).

Here, the Court used *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016), and *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016) "as guideposts" in determining Congress created a substantive right under the FACTA. (August 29 Order 6). Additionally, other courts in this circuit agree the FACTA

creates a substantive right and a violation of the statute constitutes an injury-in-fact. *See, e.g.*, *Wood v. J Choo USA, Inc.*, No. 15CV81487-BLOOM, 2016 WL 4249953, at *6 (S.D. Fla. Aug. 11, 2016); *Altman v. White House Black Mkt., Inc.*, No. 1:15-CV-2451-SCJ, 2016 WL 3946780, at *6 (N.D. Ga. July 13, 2016) (finding Congress, in enacting the FACTA, created a substantive right to receive a truncated credit card receipt, the invasion of which constitutes a concrete injury). Additionally, as discussed in the August 29 Order (*see* August 29 Order 6), the Eleventh Circuit has already determined "[a]n injury-in-fact, as required by Article III, may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (first alteration added; internal quotation marks and citations omitted).

The Court is unpersuaded by Defendant's list of cases purporting to show a substantial difference of opinion exists. The cited cases are not in the context of the FACTA; the single case cited with similar issues is from a district court in Nevada that contains a minimal analysis of the FACTA and is currently on appeal in the Ninth Circuit. (*See* Mot. 12 (citing *Noble v. Nevada Checker CAB Corp.*, No. 215CV02322RCJVCF, 2016 WL 4432685, at *4 (D. Nev. Aug. 19, 2016))). Additionally, the recent Eleventh Circuit case Defendant relies on (*see generally* Reply), *Nicklaw v. Citimortgage, Inc.*, No. 15-14216, 2016 WL 5845682, at *1 (11th Cir. Oct. 6, 2016), addresses a New York law of mortgage recording having nothing to do with the FACTA, *see generally id.*, and thus is distinguishable on various grounds.

Defendant fails to satisfy its high burden under section 1292(b) of showing a substantial difference of opinion on the question of law. The August 29 Order carefully reviewed the FACTA, as well as United States Supreme Court and Eleventh Circuit precedent, in considering Defendant's arguments raised in its Motion to Dismiss. The Court applied controlling law in

rejecting Defendant's arguments. Defendant not only fails to meet the second factor of section 1292(b) but also fails to show there are exceptional circumstances warranting relief. The fact Defendant disagrees with the Court's decision does not render the issue suitable for interlocutory appeal. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 31]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 27th day of October, 2016.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record