**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 16-61198-CIV-ALTONAGA/O'Sullivan

_____

**SHANE FLAUM**,

        Plaintiff,

v.

**DOCTOR'S ASSOCIATES, INC.**,

        Defendant.
_____/

**DEFENDANT DOCTOR'S ASSOCIATES, INC.'S MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL
<u>AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

John R. Hargrove
HARGROVE LAW GROUP
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone: (561) 962-4191
Email: jrh@hargrovelawgroup.com

Peter Breslauer
MONTGOMERY MCCRACKEN
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone: (215) 772-7271
Email: pbreslauer@mmwr.com

ATTORNEYS FOR DEFENDANT
DOCTOR'S ASSOCIATES, INC.

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant, Doctor's Associates, Inc. ("DAI"), recognizes the judicial disfavor accorded motions for reconsideration, and that a motion for reconsideration is not an occasion simply to relitigate positions that the Court has already rejected.  DAI respectfully submits, however, that the Court may have overlooked two district court opinions that DAI presented in its Reply ("Reply") in Support of its Motion to Certify Order for Immediate Appeal [ECF 35] and its Notice of Supplemental Authority ("Supplemental Notice") [ECF 36] filed the day after the Reply.  DAI submits that those opinions from other district courts establish the "substantial ground for difference of opinion" on a controlling question of law that 28 U.S.C. 1292(b) requires.  DAI also submits that the Court may have overlooked the relevance of the Eleventh Circuit's published opinion in *Nicklaw v. CitiMortgage, Inc.*, No. 15-14216, 2016 WL 5845682 (11th Cir. Oct. 6, 2016), to the controlling question of law here.  Thus, pursuant to Fed. R. Civ. P. 59(e), DAI respectfully moves for reconsideration of the Court's October 27, 2016 Order ("Order") [ECF No. 40] denying its Motion to Certify Order for Immediate Appeal ("Motion") [ECF No. 31].  For the reasons set forth herein, DAI respectfully requests that the Court grant the motion for reconsideration, vacate the Order, and certify its August 29, 2016 Order [ECF No. 27] denying DAI's Motion to Dismiss Plaintiff's Class Action Complaint [ECF No. 15] for immediate appeal.

In denying the Motion, the Court stated that it:

> is unpersuaded by Defendant's list of cases purporting to show a substantial difference of opinion exists. The cited cases are not in the context of the FACTA; the single case cited with similar issues is from a district court in Nevada that contains a minimal analysis of the FACTA and is currently on appeal in the Ninth Circuit. (*See* Mot. 12 (citing *Noble v. Nevada Checker CAB Corp.*, No. 215CV02322RCJVCF, 2016 WL 4432685, at *4 (D. Nev. Aug. 19, 2016))).

1

Order at 5.

In stating that "the single case cited with similar issues is from a district court in Nevada that contains a minimal analysis of the FACTA," the Court appears to have overlooked that DAI's briefing was not limited to a single case arising under FACTA. Rather, DAI presented, in addition to *Noble*, two recently filed district court opinions dismissing FACTA claims for lack of standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). *See* Reply [ECF 35] at 2 & 9-10 (discussing *Thompson v. Rally House*, No. 4:15-cv-00886-GAF, 2016 U.S. Dist. LEXIS 146146 (W.D. Mo. Oct. 6, 2016)) [ECF 35-1]; Supplemental Notice [ECF 36] at 1 (submitting and briefly summarizing *Kamal v. J. Crew Group,* No. 2:15-0190 (WJM), 2016 U.S. Dist. LEXIS 145392 (D.N.J. Oct. 20, 2016), *also available at* 2016 WL 6133827).[1]  The Court appears to have overlooked the opinions in *Thompson* and *Kamal*, because the Order refers to DAI citing only a "single case" under FACTA, Order at 5, and the Order does not cite either *Thompson* or *Kamal*.

As DAI's Reply and Supplemental Notice showed, neither *Thompson* nor *Kamal* has any material factual or legal distinction with respect to standing in this case. As in this case, in both *Thompson* and *Kamal* liability under FACTA was claimed to arise upon the issuance of a non-compliant receipt, not from any subsequent harm sustained by the plaintiffs. Both *Thompson* and *Kamal* contain detailed analysis of *Spokeo*'s impact on a plaintiff's standing to assert such a claim. And notwithstanding the rulings of this and other courts upholding standing, both the *Thompson* and *Kamal* courts ruled that the plaintiffs before them lacked standing to bring FACTA claims – the exact opposite of the Court's denial of the motion to dismiss here. *See Thompson*, slip op. at 10 [ECF 35-1, at 10], 2016 U.S. Dist. LEXIS 146146, at *14; *Kamal*, 2016

---

[1] The plaintiff in *Thompson* filed a notice of appeal to the Eighth Circuit on November 4, 2016.

WL 6133827, at *4.

The Court also appeared to regard the Eleventh Circuit's first published opinion discussing *Spokeo*, *Nicklaw v. CitiMortgage, Inc.*, No. 15-14216, 2016 WL 5845682 (11th Cir. Oct. 6, 2016), as "distinguishable on various grounds" because it was not a FACTA case, and appears for that reason not to have considered it applicable to this case. *Id.* DAI respectfully notes that the non-precedential opinion in *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016), upon which the Court relied extensively in denying the motion to dismiss, *see* Order at 4-5 (noting reliance on *Church*), was also not a FACTA case. DAI submits that in dismissing *Nicklaw* as inapplicable because it involved a New York statutory claim, the Court appears to have overlooked *Nicklaw*'s clear holding, which DAI briefed, that standing requires "harm or a material risk of harm" in any case in federal court. *Nicklaw*, 2016 WL 5845682, at *3 (discussed in DAI's Reply in Support of Motion [ECF No. 35] at 7-9). This is a second and independent basis for reconsideration.

As DAI noted on page 2 of the Motion, FACTA litigation involving bare "receipt" claims continues to occupy this and other courts in the Eleventh Circuit, and the standing question continues to evade appellate review more than ten years after FACTA became effective. Precedential guidance is long overdue, and, prompted by *Spokeo*, there is now a clear difference of opinion among district courts as to whether plaintiffs have standing to bring these claims. DAI accordingly requests that the Court grant reconsideration of the Order, and certify its order denying DAI's motion to dismiss the complaint for immediate appeal.

II.     **LEGAL STANDARD**

DAI recognizes that "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued," and that "[t]he standard for granting reconsideration is strict and will generally be denied unless the

3

moving party can point to *controlling decisions or data* that the court overlooked." *Sclafani v. BC Services, Inc.*, No. 10-61630-CIV, 2011 WL 43619, at *1 (S.D. Fla. Jan. 6, 2011) (quoting *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir.1998) (emphasis in original); citing *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "'[T]here are three major grounds which justify reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *U.S. v. Zarabozo*, No. 07-CR-20839-PCH, 2008 WL 5062463, at *1 (S.D. Fla. Nov. 26, 2008) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).  As this Court explained in *Zarabozo*, "'[t]he applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (quoting *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007)).

As shown below, when it ruled that DAI's citation of a "single case" under FACTA had not established a substantial ground for difference of opinion, the Court overlooked two controlling decisions on the 1292(b) question that DAI presented and that reached, on materially identical facts, a conclusion on the controlling question of law completely opposite to this Court's.  DAI submits that reconsideration is warranted for that reason alone.  In addition, the Court also appears to have regarded the Eleventh Circuit's published opinion in *Nicklaw* as inapplicable to this case because it did not arise under FACTA, thereby overlooking that *Nicklaw*'s requirement of "harm or material risk of harm" applies to every case in federal court. An immediate appeal would resolve the longstanding problem of no definitive guidance on the standing issue under FACTA, at a time when courts, in the wake of *Spokeo*, are reaching

4

divergent conclusions.

### III.     ARGUMENT

The basis for DAI's Motion for Reconsideration is straightforward, and DAI will not use the Motion to Reconsideration as an occasion to reargue issues discussed in its the Motion and Reply.  DAI's first ground for reconsideration is simply that when stating that DAI had offered only a "single case" decided under FACTA, Order at 5 (citing *Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685 (D. Nev. Aug. 19, 2016), *appeal docketed*, No. 16-16573 (9th Cir. Sept. 7, 2016)), the Court appears to have overlooked the opinions in *Thompson* and *Kamal*, in which district courts, on materially indistinguishable facts, reached the opposite conclusion to this Court on the controlling question of standing to bring a FACTA claim.

The Court was unpersuaded that the opinion in *Noble* established a substantial ground for difference of opinion, observing that *Noble* contained only a "minimal analysis of the FACTA and is currently on appeal to the Ninth Circuit." Order at 5.  However, the Court did not address the rulings in *Thompson* and *Kamal*, suggesting that the Court overlooked that DAI had presented three FACTA cases, not one, and that the second and third opinions contained detailed, as opposed to minimal, analysis of the standing question.  *See* Reply at 2 & 9-10 (discussing *Thompson*); Supplemental Notice at 1 (submitting and briefly summarizing *Kamal*).[2]  DAI respectfully submits that the opinions in *Thompson* and *Kamal* clearly establish the substantial ground for difference of opinion that section 1292(b) requires.

---

[2] The courts in *Thompson* and *Kamal* both acknowledged that other district judges have reached the opposite result, including citations to, *inter alia*, this Court's ruling in *Guarisma v. Microsoft Corp.*, NO. 15-24326-CIV-ALTONAGA/O'Sullivan, 2016 WL 4017196 (S.D. Fla. July 26, 2016), the basis for the order denying DAI's motion to dismiss in this case.  *See Thompson*, slip op. at 9-10 [ECF 35-1], 2016 U.S. Dist. LEXIS 146146, at 14; *Kamal*, 2016 WL 6133827, at *8.

5

DAI's second and independent ground for reconsideration arises from the Court's brief description of *Nicklaw* as "distinguishable on various grounds" because it involved a New York statutory claim, not FACTA. *Id.* As noted *supra*, the unpublished opinion in *Church*, upon which the Court relied extensively when denying DAI's motion to dismiss, also did not involve FACTA. DAI submits that when concluding that *Nicklaw* is inapplicable to this case, the Court overlooked the clear, precedential holding of *Nicklaw* – the first published Eleventh Circuit opinion construing *Spokeo* – which makes "harm or a material risk of harm" a prerequisite to standing in any case in federal court. *Nicklaw*, 2016 WL 5845682, at *3 (discussed in DAI's Reply in Support of Motion [ECR No. 35] at 7-9).

Finally, precedential guidance on standing under FACTA is long overdue, and would avoid the needless and repetitive waste of judicial resources litigating the standing question that has long characterized FACTA litigation. There is a clear difference of opinion on this important and controlling question of law, which if history is a guide will continue to present the exceptional circumstance of evading appellate review in the absence of an immediate appeal.

## IV.   CONCLUSION

For all of the reasons set forth herein, DAI respectfully requests that the Court grant the motion for reconsideration, vacate the Order, and certify its August 29, 2016 Order [ECF 27]

denying DAI's motion to dismiss for immediate appeal.

November 8, 2016                           Respectfully submitted,

                                           /s/ John R. Hargrove
                                           John R. Hargrove
                                           HARGROVE LAW GROUP
                                           433 Plaza Real, Suite 275
                                           Boca Raton, FL   33432
                                           Telephone: (561) 962-4191
                                           Email: jrh@hargrovelawgroup.com

                                           Peter Breslauer
                                           MONTGOMERY MCCRACKEN
                                              WALKER & RHOADS, LLP
                                           123 South Broad Street
                                           Philadelphia, PA   19109
                                           Telephone: (215) 772-7271
                                           Email: pbreslauer@mmwr.com

                                           ATTORNEYS FOR DEFENDANT
                                           DOCTOR'S ASSOCIATES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ John R. Hargrove