UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61198-CIV-ALTONAGA/O'Sullivan

SHANE FLAUM,

    Plaintiff,
v.

DOCTOR'S ASSOCIATES, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Doctor's Associates, Inc.'s ("Defendant['s]") Motion for Reconsideration . . . ("Motion") [ECF No. 42], filed November 8, 2016. Defendant requests the Court reconsider its Order ("October 27 Order") [ECF No. 40] denying Defendant's Motion . . . to Certify Order for Immediate Appeal [ECF No. 31] because Defendant believes "the Court may have overlooked" two district court opinions and the relevance of a particular Eleventh Circuit Court of Appeals opinion. (Mot. 1).

"A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Defendant does not clearly state upon which of the three grounds it is moving for reconsideration. (*See generally* Mot.). Upon review of the Motion, the October 27 Order, and the record, the Court does not find any of the three grounds

CASE NO. 16-61198-CIV-ALTONAGA/O'Sullivan

for reconsideration.

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion **[ECF No. 42]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 9th day of November, 2016.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record