# APPENDIX 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:16-cv-61198-CMA**

_____

SHANE FLAUM, individually,
and on behalf of others similarly situated,

      Plaintiff,

v.

DOCTOR'S ASSOCIATES, INC.,
a Florida corporation, doing business as
SUBWAY,

      Defendant.

_____

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release ("Agreement") is entered into between and among Shane Flaum and Jason Alan ("Class Representatives"), on behalf of themselves and the Settlement Class (as hereinafter defined), and Doctor's Associates, Inc. ("Doctor's Associates") (collectively, the "Parties"). As provided herein, this Agreement fully and finally compromises and settles any and all claims for violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§ 1681 *et seq.*, ("FACTA"), and any and all claims that were or could have been asserted in the lawsuits styled as *Flaum v. Doctor's Associates, Inc.*, Case No. 0:16-cv-61198-CMA (S.D. Fla.), and *Alan v. Doctor's Associates, Inc.* Case No. 0:16-cv-62677-WJZ (S.D. Fla.) (collectively, the "Litigation").

WHEREAS, on June 6, 2016, Plaintiff Shane Flaum, individually and on behalf of a putative class, filed a Complaint in the United States District Court for the Southern District of Florida, alleging willful violation of FACTA against Doctor's Associates;

WHEREAS, Flaum alleged that receipts issued by Doctor's Associates for point-of-sale credit and debit card transactions displayed the card expiration date in violation of FACTA, which he alleged harmed him and the class by putting them at an increased risk of identity theft;

WHEREAS, Flaum alleged that he and other similarly situated individuals are entitled to statutory and punitive damages, attorneys' fees and costs as a result;

WHEREAS, the Court denied Doctor's Associates motion to dismiss, wherein Doctor's Associates asserted Plaintiff lacks standing to assert the claims set forth in the Complaint, and the Court later denied the motion of Doctor's Associates for reconsideration and its motion for interlocutory appeal under 28 U.S.C. § 1292(b);

WHEREAS, on July 6, 2016, Plaintiff Jason Alan, individually and on behalf of a putative class, filed a Complaint in the United States District Court for the Central District of California captioned *Alan v. Doctors Associates*, Case No. 2:16-cv-04945-AB-RAO (C.D. Cal.), alleging negligent, knowing, and willful violation of FACTA against Doctor's Associates;

WHEREAS. Alan's action was transferred to the Southern District of Florida and assigned Case No. 0:16-cv-62677-WJZ, and is pending before the Honorable William Zloch;

WHEREAS, the Parties engaged in extensive litigation including the depositions of the parties, depositions of three experts, *Daubert* motion practice, and Plaintiff Flaum filed a  motion for class certification;

WHEREAS, the Parties have engaged in extensive arm's-length negotiations to resolve the Litigation with a view toward achieving substantial benefits for the Settlement Class as a whole while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, the Parties attended two in-person mediations with the second mediation occurring after the close of discovery, including the close of expert discovery;

WHEREAS, for settlement purposes only, the Class Representatives respectfully request that this Court certify the Settlement Class and appoint them as Class Representatives.  In addition, the Class Representatives request that attorneys Scott D. Owens, Bret L. Lusskin, Keith J. Keogh, Michael Hilicki, and Patrick Crotty be appointed as Class Counsel in this case;

WHEREAS, based on the discovery produced and reviewed, as well as the experience and judgment of Class Counsel, the Class Representatives have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class and in the best interest of the Settlement Class;

2

WHEREAS, the Class Representatives, on behalf of themselves and as the representatives of the Settlement Class, and Doctor's Associates desire to forever resolve and compromise the disputes between them;

WHEREAS, the Class Representatives, on behalf of themselves and as the representatives of the Settlement Class, and Doctor's Associates will execute this Agreement solely to compromise and settle protracted, complicated and expensive litigation; and

WHEREAS, Doctor's Associates vigorously denies any and all liability or wrongdoing to the Class Representatives and to the Settlement Class Members on grounds that include, without limitation, that Doctor's Associates never willfully, negligently, or knowingly caused the printing of any receipt with a card expiration date, but has nonetheless concluded that further conduct of the Litigation would be protracted and expensive, and has taken into account the uncertainty and risks inherent in this Litigation, and has determined that it is desirable that the Litigation be fully, completely, and finally settled in the manner and upon the terms set forth herein;

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Litigation shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions set forth in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.    SETTLEMENT CLASS DEFINITION

For purposes of settlement only, the Parties agree to certification of the following as the Settlement Class:

> The cardholders who hold the 2,687,021 unique credit or debit card numbers based on the first six and last four digits of their accounts, whose EMV debit or credit card was used to make a purchase by tapping or inserting the card in a payment terminal at a Subway restaurant that was using a version of Subway Payment Manager that was programmed to print EMV card expiration dates on customer transaction receipts, between January 1, 2016 and the date of preliminary approval of the Settlement.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: The district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children.

Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members." Excluded from the Settlement Class is any individual who properly opts out of the Settlement pursuant to the procedure described herein.

## II.    OTHER DEFINITIONS

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

    A.    "Agreement" means this Agreement and all attachments and exhibits, which the Parties understand and agree set forth all terms and conditions of the Settlement between them and which is subject to Court approval. It is understood and agreed that Doctor's Associates' obligations for payment under this Agreement are conditioned on, among other things, Final Approval.

    B.  "Claims Administrator" and "Claims Office" shall mean Kurtzman Carson Consultants LLC ("KCC"), which, subject to Court approval, shall be responsible

4

for administrative tasks, including, without limitation: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of this Agreement; (c) answering written and telephonic inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing Settlement Claim Forms from and distributing Settlement payments to Settlement Class Members; (g) paying from the Settlement Fund any fees and costs incurred or due to banks, credit card processing companies, or others for responding to subpoenas to locate or identify the Settlement Class Members; (h) providing Notifications to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and (i) otherwise assisting with implementation and administration of the terms of this Agreement.

C.     "Claims Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form attached hereto as Exhibit 1, the date of which shall be 60 days after the deadline for notice to be distributed to Class Members.

D.     "Class Counsel" means

5

Scott David Owens
Patrick Christopher Crotty
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019

Bret L. Lusskin, Jr., Esq.
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180

Keith J. Keogh
Michael Hilicki
KEOGH LAW, LTD
55 W. Monroe St., Suite 3390
Chicago, IL 60603

E.      "Class Notice" means the "Summary Notice," "Full Notice," and "Publication

Notice," the terms of which shall be mutually agreeable to the Parties and

approved by the Court substantially in the form attached hereto as Exhibits 2, 3,

and 4.

F.      "Complaint" means the document titled "Class Action Complaint for Violations

of the Fair and Accurate Credit Transactions Act (FACTA)" that was filed on

June 6, 2016 in this Litigation at Case No. 0:16-cv-61198-CMA (S.D. Fla.).

G.      "Counsel for Doctor's Associates" means

John R. Hargrove
HARGROVE LAW GROUP
433 Plaza Real, Suite 275
Boca Raton, FL 33432

Peter Breslauer
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, PA 19109

H.     "Court" means the United States District Court for the Southern District of Florida, where the Litigation is pending.

I.     "Doctor's Associates Releasees" means Doctor's Associates, each of its franchisees (including without limitation all Subway® franchisees), affiliates, parents, subsidiaries, predecessors, successors, co-venturers, divisions, joint venturers, joint ventures and assigns, as well as each of those entities' past and present owners, investors, directors, officers, employees, partners, managers, members, principals, agents, development agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants and auditors, banks and investment banks, consultants, vendors, contractors, licensors, franchisors, and assigns.

J.     "Effective Date" means the date on which the Order of Final Approval becomes Final.

K.     "Fairness Hearing" means a hearing set by the Court to take place no sooner than 200 days after entry of the Preliminary Approval Order for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement pursuant to the Federal Rules of Civil Procedure, applicable law, and other procedural rules or and requirements; and (ii) entering the Order of Final Approval.

L.     "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Order of Final

Approval or (ii) any such appeals have been resolved in favor of approving, or affirming the approval of, this Agreement.

M.   "Incentive Payment" means the payment to the Class Representatives further described in Section III.F.2. of this Agreement.

N.   "Opt-Out Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court, in substantially the form set forth in Exhibit 1, the date of which shall be 60 days after the deadline for notice to be distributed to Settlement Class Members.

O.   "Order of Final Approval" means the order and judgment to be entered by the Court approving this Settlement Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Settlement Agreement, including granting Final Approval of the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses, the Incentive Payment for the Class Representative, substantially in the form attached hereto as Exhibit 5, and dismissing with prejudice the claims of the Class Representatives and all Settlement Class Members who do not opt out as provided by this Agreement and the Federal Rules of Civil Procedure.

P.   "Parties" means Shane Flaum and Jason Alan, Settlement Class Members who do not opt out, and Doctor's Associates.

Q.   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

R.     "Preliminary Approval Order" means an order to be entered and filed by the Court certifying the Settlement Class and granting preliminary approval to the Settlement substantially in the form attached hereto as Exhibit 1.

S.     "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been asserted in the Litigation and all claims that relate to or arise from printing too much information on any receipts from a Subway restaurant during the settlement class period, including, but not limited to, any claims under arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act, Pub. L. 108–159, and 15 U.S.C. § 1681c(g), for a violation of any consumer protection statutes, or regarding identity theft or the risk of identity theft.

T.     "Request for Exclusion" means the written request that Settlement Class Members are required to timely submit in order to opt out of the Settlement Class and this Settlement Agreement.

9

U.    "Settlement Amount" means the sum of thirty million nine hundred thousand dollars ($30,900,000) and includes, among other things, all costs and attorney's fees of Class Counsel, the Incentive Payment (if any), all costs incurred by the Claims Administrator, all payments to Settlement Class Members from the Settlement Fund, the expenses, including attorneys' fees and costs, incurred in the defense of the settlement against objections, and any appeals of orders thereon. The Settlement Amount shall be the entire financial obligation of Doctor's Associates and the Doctor's Associates Releasees in connection with the settlement and all related proceedings, including, but not limited to, preliminary and final approval and the implementation of this Agreement.

V.    "Settlement Claim Form" means a form, substantially in the form attached hereto as Exhibit 6 (for recipients of the notice by mailing as per Section IV.B.1 below) or Exhibit 7 (for recipients of the notice by publication as per Section IV.B.5 below), to be completed by Settlement Class Members and submitted to the Claims Administrator. The Settlement Class Members who receive the mailed Class Notice shall be able to make a claim via telephone IVR provided that they are required to enter the claim ID printed on the mailed notice.  Each Settlement Claim Form shall require the Settlement Class Member to provide: (a) his or her name; (b) physical address; (c) phone number, which shall be optional; and (d) e-mail address to the extent that he or she has one. The website claim form will prepopulate this information for persons who first enter their claim ID and shall ask them to update or correct any information.  The Settlement Claim Form for use by recipients of the notice by publication (as per Section IV.B.5 below) must

also contain a verification sufficient to establish membership in the Settlement Class. The Settlement Claim Form shall require each Settlement Class Member to state that the information he or she is providing is true and correct as of the date thereof to the best of his or her knowledge and belief.

W.     "Settlement Fund" means the fund used to pay all claims relating to the settlement of the Litigation and all Released Claims pursuant to this Agreement.

X.      "Settlement Website" means the website prepared by the Claims Administrator in connection with the process of providing notice to Settlement Class Members as further described in Section II.B of this Agreement.

## III.   SETTLEMENT TERMS

### A.   Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Doctor's Associates conditionally agrees and consents to certification of the Settlement Class. Doctor's Associates's conditional agreement is contingent upon execution of this Agreement by the Parties, entry of the Order of Final Approval and the Order of Final Approval becoming Final. Except as provided below, if this Agreement, for any reason, does not receive Final Approval or is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms, and entry of the Agreement shall remain subject to the Local Rules of the United States District Court for the Southern District of Florida, the Federal Rules of Civil Procedure, the provisions of Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure.

Doctor's Associates denies all claims as to liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief as well as the class action allegations asserted in the

11

Litigation. Doctor's Associates has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or Final Approval does not occur, Doctor's Associates does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Class Representative and Class Counsel agree that Doctor's Associates retains and reserves all of these rights and agree not to take a position to the contrary.

**B.     Settlement Amount**

In full and final settlement of the Settlement Class's claims, Doctor's Associates shall pay the Settlement Amount. The Settlement Amount shall include, but is not necessarily limited to, the full and complete cost of Settlement Class benefits and compensation, all Class Notices and claims administration and all related administrative costs, the Incentive Payment (if any is authorized by the Court), and Class Counsel's attorneys' fees and expenses (as authorized by the Court). In no event, however, will the Settlement Amount exceed $30,900,000.

**C.     All Released Claims Satisfied by Settlement Fund**

Each Settlement Class Member shall look solely to the Settlement Fund for settlement and satisfaction of all Released Claims as provided in this Agreement.

**D.     Settlement Fund**

Doctor's Associates will pay the Settlement Amount to the Claims Administrator after Final Approval, except that it will deposit an amount necessary to pay for the estimated cost of Class Notice and administration seven days after Preliminary Approval is entered. The remainder of the Settlement Amount, net of the costs of Class Notice and claims administration, the attorneys' fee award, Class Counsel's expenses, and any Incentive Payment, shall be

distributed pro rata to Settlement Class Members who submit Settlement Claim Forms that are received on or before the Claims Deadline and are accepted by the Claims Administrator in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order, and Order of Final Approval.  A Settlement Class Member to whom a Summary Notice is not mailed and who claims that between January 1, 2016 and the present, a Subway restaurant in the United States provided him or her with one or more printed point-of-sale credit- or debit-card transaction receipt(s) that contained the card expiration date, and who submits along with his or her Settlement Claim Form a sworn statement under penalty of perjury itemizing the store(s) that provided each such receipt or the date(s) when each such receipt was provided, shall, after the Claims Administrator validates that the transaction(s), according to Doctor's Associates' records, were at a Subway restaurants that was not properly truncating receipts, be entitled to a pro rata distribution in the same amount as Settlement Class Members to whom the Claims Administrator distributed notice by mail.  A person whose claim form does not match a transaction in Doctor's Associates' records showing a receipt at a Subway restaurants that was not properly truncating receipts is not a class member.

The distribution shall be as follows:

i.   First Distribution.  Settlement Awards shall be paid by electronic deposit or check. Within 45 days after the Effective Date, the Claims Administrator shall send payment to each claiming Settlement Class Member eligible to receive payment.  The amount of each payment shall be the amount of the funds available for distribution divided by the number of Settlement Class Members to whom payments are being directed.  The payment shall be made, at the option of the class

13

member, either by electronic deposit or by check sent by first-class mail. The Claims Administrator will perform skip tracing and re-mailing as reasonably necessary. Checks will be valid for 120 days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than 120 days after the date on the check will be included as part of the Second Distribution (as defined below).

ii.   Second Distribution. If, after the expiration date of the checks distributed pursuant to subparagraph i. above, there remains money in the Settlement Fund sufficient to pay at least $10 to each Settlement Class Member who received an electronic deposit or cashed his or her initial settlement check prior to the expiration date of such check, such remaining monies will be distributed on a pro rata basis to those Settlement Class Members (the "Second Distribution"). The Second Distribution shall be made within 90 days after the expiration date of the checks distributed pursuant to subparagraph i. above, and shall be paid in the same manner as the First Distribution. Checks issued pursuant to the Second Distribution will be valid for 120 days from the date on the check.

iii.   Remaining Funds. Money in the Settlement Fund that has not been distributed after the expiration of checks issued pursuant to the Second Distribution as set forth in subparagraph ii. above, including but not limited to money not distributed because there is not enough money in

14

the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as *cy pres* to the Electronic Frontier Foundation, and the Parties will jointly petition the Court for a *cy pres* distribution to it as a *cy pres* recipient. Based on the Parties' input, the Court may order the Remaining Funds to be distributed to this organization. No money remaining in the Settlement Fund shall revert to or otherwise be paid to Doctor's Associates.

**E.      If Final Approval Does Not Occur**

In the event the Agreement does not receive Final Approval, or is cancelled or terminated or otherwise becomes null and void for any reason, the remainder of the Settlement Fund, net of fees and costs paid or incurred for the Class Notice, shall revert back to Doctor's Associates.

**F.      Attorneys' Fees and Class Representative Incentive Payment**

To the extent that the Court orders an award of attorneys' fees and expenses to any Class Counsel, or an Incentive Payment to the Class Representatives, such awards will be paid from the Settlement Amount within fourteen (14) days after the Effective Date.

1.      Attorneys' Fees and Expenses

Class Counsel will file a petition with the Court for an award of attorneys' fees plus expenses to be paid solely from the Settlement Amount 30 days after the Notice is sent pursuant to section IV.B. This award shall be Class Counsel's total recovery for attorneys' fees, costs, and/or adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, expert fees and costs, and document review and production costs). Class Counsel shall be responsible for allocating and shall allocate all attorneys' fees and

15

expenses that are awarded by the Court among Class Counsel, and Doctor's Associates shall have no responsibility, role, or liability in connection with such allocation.

2.       Class Representatives Incentive Payment

Class Counsel may petition the Court for an Incentive Payment for the service to the Settlement Class and the time and effort that the Class Representatives personally invested in this Litigation. Class Counsel shall be responsible for distributing to the Class Representatives any Incentive Payment awarded by the Court, and Doctor's Associates shall have no responsibility, role, or liability in connection with such payment.

**G.       Motion for Preliminary Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit 1.

**IV.       CLAIMS ADMINISTRATION**

**A.       Claims Administrator/Claims Office**

The Claims Administrator may appoint as many claims officers, experts, and/or advisors as are necessary to carry out the duties of the Claims Office expeditiously. The Claims Office procedures shall be subject to Court approval and under the continuing jurisdiction of the Court. The Claims Office shall be responsible for disseminating information to Settlement Class Members concerning settlement procedures. In addition, the Claims Office shall (i) assist the Court in processing and tabulating Requests for Exclusion, (ii) receive all opt-out forms and documentation, (iii) receive, process, classify, and pay claims as provided in this Agreement and

any applicable orders of the Court, and (iv) operate under the continuing supervision of the Court.

**B.      Notice**

1.      E-mail and Mail

A copy of the Summary Notice substantially in the form attached hereto as Exhibit 2, shall be e-mailed to all class members whose e-mail was provided by their card issuing banks. For any class member for whom there is no e-mail or whose e-mail notice was returned as undeliverable, they shall be mailed a copy of the Summary Notice by first class mail for which there is address information, by the deadline established by the Preliminary Approval Order. Such e-mail and mail shall be completed by the Claims Administrator. If it has not already done so, within 15 days after the Court enters preliminary approval of this Settlement, Doctor's Associates shall provide Class Counsel with all address information, if any, it has for Settlement Class Members and which can be compiled with reasonable efforts and it agrees to reasonably cooperate with Plaintiffs' counsel in Plaintiff's counsel's efforts to retrieve Settlement Class Member information from any third party, including, but not limited to, Visa, MasterCard, American Express, Discover, and any other third party involved in processing Doctor's Associates debit or credit card transactions, with the express understanding that any costs that Doctors' Associates or any other entity incurs will be paid from the Settlement Amount and not in addition to the Settlement Amount. For those Settlement Class Members for whom Doctor's Associates does not have address information, Doctor's Associates shall produce information, if any, it does have about them that Class Counsel reasonably requests for the purpose of obtaining contact information for Settlement Class Members, including, but not limited to, credit and debit card information. The Parties agree that this information may be shared with the Claims

17

Administrator, who agrees to be governed by the Protective Order in this Litigation, and any party Class Counsel decides to subpoena for the limited purpose of obtaining Settlement Class Member contact information. This information shall be kept confidential.

    2.  Settlement Website

    By the deadline for distributing the Class Notice, the Claims Administrator shall establish and maintain the Settlement Website, which will, among other things, (i) enable Settlement Class Members to submit a claim and access and download the Settlement Claim Form, (ii) provide contact information for Class Counsel, and (iii) provide access to relevant documents. Such documents shall include this Agreement and Class Notice; the Preliminary Approval Order; the Complaint; and, when filed, the Order of Final Approval. The Class Notice shall include the address (URL) of www.DAI-FACTASettlement.com for the Settlement Website. The Claims Administrator shall maintain the Settlement Website until at least 30 days following the void date for checks and shall post the Full Notice on it. The Claims Administrator shall also mail the Full Notice to any class member who so requests it.

    3.  IVR

    By the deadline for mailing the Class Notice, the Claims Administrator shall establish and maintain a toll-free number that maintains an interactive voice response (IVR) system to answer questions and allow class members who have a claim ID form mailed notice to submit a claim.

    4.  Reminder Notice

    For every unreturned e-mail where that class member has not submitted a claim by ten days before the Claims Deadline, the Claims Administrator shall send a reminder notice, in

substantially the form attached hereto as Exhibit 2 (except that the notice may be captioned with the phrase "Reminder Notice") by e-mail at least seven days before  the Claims Deadline.

### 5.    Publication

In addition to the Class Notice to be directed to Settlement Class Members as set forth in Section IV.B.1 above, the Claims Administrator shall distribute the Publication Notice by electronic media as agreed upon by the Parties' counsel (or set by the Court if the Parties' counsel cannot agree), for the purpose of providing notice of the settlement of this litigation to the Settlement Class as a whole.  The Publication Notice shall also include a press release by Doctor's Associates, in the form attached hereto as Exhibit 8, concerning the settlement of the litigation. The distribution of the Summary Notice, the Full Notice, and the Publication Notice with Press Release shall be reasonably calculated to reach, in the aggregate, at least 70% of the Settlement Class Members.

### 6.    Opt-Out

The Class Notice shall provide a procedure whereby Settlement Class Members may exclude themselves from the Settlement Class by mailing a Request for Exclusion. Any Settlement Class Member who does not validly and timely submit a Request for Exclusion before the Opt-Out Deadline shall be deemed a Settlement Class Member and shall be bound by the terms of this Agreement.

### 7.    Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the deadline set by the Court.

### 8.     Non-Approval of Agreement

19

This Agreement is conditioned on Final Approval without material modification by the Court.  In the event that the Agreement is not so approved, the Parties shall return to the status quo ante as of the date of this Agreement, as if no Agreement had been negotiated or entered into.  Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the date of the Agreement, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.  In the event that the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante as of the date of this Agreement, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.

9.      Doctor's Associates' Rights to Terminate Agreement

Doctor's Associates' willingness to settle this litigation on a classwide basis and to agree to the certification of the Settlement Class is dependent upon achieving finality in this Litigation, and the desire to avoid further expense in this Litigation.  Consequently, Doctor's Associates shall have the right in its sole discretion to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to Plaintiff, Settlement Class Members, or Class Counsel if any of the following conditions subsequently occurs:  (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order; (2) more than 5% of the Settlement Class Members request to opt-out of the Settlement pursuant to Section IV.B.6, above; or (3) the Effective Date does not occur

for any reason, including the entry of an order by any court that would require either modification or termination of the Settlement Agreement or Final Approval Order.

> 10.    CAFA Notice

KCC will serve any notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, by no later than ten (10) days after the entry of the Preliminary Approval Order.

## C.    Claims Process

In order to make a claim, a Settlement Class Member must submit a valid and completed Settlement Claim Form in compliance with the procedures set forth in the Class Notice, Preliminary Approval Order, and Order of Final Approval. The claims shall be cross-referenced against the transaction data for the class members.  Any claim that does not match the transaction data for the class members shall not be valid as that person would not be a class member.  For example, not all Subway® restaurants printed receipts containing expiration dates, and substantially all of the locations that printed noncompliant receipts did so only in a very limited window of time, such that customers engaging in transactions outside of these specific locations or outside of the window of time would not be part of this class.  All Settlement Claim Forms must be submitted by the Claims Deadline as set forth in the Class Notice. Any Settlement Claim Form submitted after the Claims Deadline shall be deemed an untimely and invalid claim. Doctor's Associates shall provide Class Counsel and the Claims Administrator with a list of Subway® restaurants (including their identification numbers) in the United States that printed debit and credit card transaction receipts containing expiration dates, and the date range within which each store was printing such receipts within 15 days of the entry of the Preliminary Approval Order. Doctor's Associates will also produce Subway restaurant transaction information in its possession, custody, or control, with regard to Subway® restaurants in the

21

United States, that either Class Counsel or the Claims Administrator reasonably requires for the purpose of evaluating claims or identifying Settlement Class Members within 30 days of the entry of the Preliminary Approval Order.

### D.   Retention of Records

The Claims Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. The confidentiality of those records shall be maintained in accordance with the Preliminary Approval Order.

## V.   EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION

### A.   Exclusive Remedy

This Agreement shall be the exclusive remedy for any and all Released Claims, any claim arising out of the subject matter of this Agreement, and any complaint by the Settlement Class or any Settlement Class Member against the Doctor's Associates Releasees related to the Released Claims. No Doctor's Associates Releasee shall be subject to liability or expense of any kind to the Settlement Class or any Settlement Class Member related to the Released Claims except as provided in this Agreement. This Agreement shall be binding upon, and in addition shall inure to the benefit of the Parties' successors, assigns, and the Doctor's Associates Releasees.

### B.   Dismissal of Claims

The Parties agree that upon the Effective Date, the Litigation shall be dismissed with prejudice in accordance with the Order of Final Approval, substantially in the form attached hereto as Exhibit 5.

### C.   Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and

disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.   RELEASES

Upon the Effective Date of this Agreement, the Doctor's Associates Releasees shall be released and forever discharged from all Released Claims by the Class Representatives, the Settlement Class, and each Settlement Class Member. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any Doctor's Associates Releasee based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 of the California Civil Code reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representatives, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### B.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement, and have been given the opportunity to review independently this Agreement with such legal counsel, and agree to the particular language of the provisions herein.

### C.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Doctor's Associates. Doctor's Associates expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of this Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible in evidence for any such purpose in any proceeding, except solely for purposes of enforcement of the terms of this Agreement; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### D.        Contractual Agreement

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### E.        Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Doctor's Associates's counsel, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### F.        Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### G.    Drafting

This Agreement is a collaborative effort of the Parties and their respective attorneys, and the Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*.

### H.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### I.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### J.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### K.    Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of

26

any other provision hereunder; provided, however, that the terms of this Section VII.K shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section VI, to be illegal or invalid in any manner.

**L.      No Consent**

To the Parties' knowledge and belief, except as expressly provided herein, no consent, authorization, action, or approval of, notice to or filing with, waiver or exemption by, any person or entity which has not been obtained, including, without limitation, any governmental, public or self-regulatory body or authority, is required in connection with the execution, delivery and performance of this Agreement or consummation of the transactions contemplated hereby by the Parties hereto.

**M.      No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**N.      Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

**O.      Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs. The adequacy of the settlement, and any

27

determination regarding Class Counsel's fees and expenses, and any Incentive Payment, shall be governed by federal law.

**P.      Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arm's-length negotiations.

**Q.      Headings**

Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**R.      Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**S.      Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**T.      Facsimile and E-mail**

Transmission of a signed Agreement by facsimile or e-mail shall constitute receipt of an original signed Agreement by mail.

**U.      Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for

28

which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

## V.        No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Section VII.V shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section VII.V.

## W.        Confidentiality

1.        Plaintiff and Class Counsel agree that the confidential information made available to them solely through the settlement process was made available, as agreed to, on the condition that neither Plaintiff nor Class Counsel disclose it to third parties; that it not be the subject of public comment; that it not be used by Plaintiff or Class Counsel in any way in the Litigation should settlement not be achieved; and that it is to be returned or destroyed; provided, however, that nothing contained herein shall prohibit Plaintiff from seeking such information through formal discovery or from referring to the existence of such information in connection with this settlement and the Preliminary Approval and Final Approval of this settlement.

2.     The Parties and their counsel agree to keep the existence and contents of this Agreement confidential until the motion for Preliminary Approval is filed; provided however, that this Section VII.W.2 shall not prevent the disclosure of such information prior to the filing of such motion to (1) regulators, rating agencies, independent accountants, advisors, financial analysts, agents, existing or potential insurers or reinsurers, Plaintiff, Settlement Class Members requesting information, experts, courts, co-counsel, any existing or potential investor of or any existing or potential lender to any of the Released Parties, the Settlement Administrator, as may reasonably be required to effectuate the terms and conditions of this Agreement, and/or as otherwise required to comply with any applicable law or regulation, (2) any person or entity to whom the Parties agree in writing disclosure must be made to effectuate the terms of this Agreement, provided that appropriate safeguards regarding confidentiality have been obtained.

3.     If contacted by a Settlement Class Member, Class Counsel may provide advice or assistance regarding any aspect of the settlement requested by the Settlement Class Member.  At no time shall any of the Parties or their counsel or their agents seek to solicit Settlement Class Members or any other persons to submit written objections to the Settlement, Requests for Exclusion, or to encourage Settlement Class Members or any other persons to appeal from the Order of Final Approval.

4.     The Parties agree that they will not contact the press, issue any press releases and/or give any interviews upon this Settlement to any person other than to the Settlement Class Members in any way other than as provided in this Agreement, on the Settlement Website, or otherwise agreed upon by Doctor's Associates in writing in each instance prior to the Effective Date. Notwithstanding the foregoing, nothing in this agreement shall limit the ability of Doctor's Associates to include descriptions of the litigation and the settlement in franchise offering

30

circulars and any other materials where it is required to do so by law or regulation, or to provide neutral and objective description of the litigation and the settlement in communications with its development agents, franchisees, and others with whom it has ongoing business relationships or prospective franchisees.

5.      Within one hundred eighty (180) days after the Effective Date (unless the time is extended by written agreement of the Parties), Plaintiffs, Class Counsel and any expert or other consultant employed by them in such capacity or any other individual with access to documents provided by Doctor's Associates to Class Counsel, shall either: (i) return to Counsel for Doctor's Associates all such documents and materials (and all copies of such documents in whatever form made or maintained) informally produced by Doctor's Associates in the Litigation and any and all handwritten notes summarizing, describing, or referring to such documents; or (ii) certify to Counsel for Doctor's Associates that all such documents and materials (and all copies of such documents in whatever form made or maintained) informally produced by Doctor's Associates in the Litigation and any and all handwritten and/or electronically recorded notes summarizing, describing, or referring to such documents have been destroyed; provided, however, that this provision shall not apply to any documents made part of the record nor to any documents made part of a Court filing, nor to Class Counsel's work product.

### X.      Settlement to Proceed Regardless of Jurisdiction

This Settlement was reached during and based in part on the impact of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Should a federal court presiding over this Litigation determine that it lacks subject matter jurisdiction under *Spokeo* or judicial opinions construing it, the Parties agree to proceed with this Settlement, without material change other than any necessary solely to

accommodate a change to a state court jurisdiction and setting, in Cook County, Illinois. If this case is re-filed in state court pursuant to this section, then:

1. Plaintiff is entitled to file the same or materially the same motion for preliminary approval contemplated by this Agreement, along with this Agreement;

2. The Parties agree to propose materially the same proposed preliminary approval order, final approval order, notices and claim forms proposed here; the only changes that shall be made, and only if deemed necessary, shall be to reflect the change of court, the passage of time, any need for a new state court presiding over the matter to make its own findings regarding the propriety of certifying the settlement class, and any other change in circumstance the parties to this settlement mutually agree is needed to secure the final approval of this Agreement;

3. The Parties agree to certification for settlement purposes only of the Settlement Class as set forth above;

4. Doctor's Associates hereby waives any statute of limitations defense or venue objection it might have against Plaintiff or any class member created as a result of the need to refile the case in state court because the federal court determined that it lacked subject matter jurisdiction under *Spokeo* or judicial opinions construing it, provided that the case is refiled in state court within the later of 30 days after any such determination by the federal court, or 30 days after the termination of any appeal of that determination.  The Parties shall work in good faith to facilitate the Settlement, promptly secure its final approval from the state court, and promptly carry out its terms; and

32

5.  The costs of notice and administration of any settlement presented for approval by the state court shall be exclusively borne by the Settlement Fund.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: ____March 14, 2017____          By: ____*Shane Flaum*_____

Shane Flaum
*Plaintiff and Class Representative*

Dated:_____          _____

By Jason Alan
*Plaintiff and Class Representative*

33

5.  The costs of notice and administration of any settlement presented for approval by the state court shall be exclusively borne by the Settlement Fund.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____        By:        _____

Shane Flaum
*Plaintiff and Class Representative*

Dated:  3/15/17                _____

By Jason Alan
*Plaintiff and Class Representative*

33

Dated: ___3/14/2017_____        By: _____

Keith J. Keogh
Michael Hilicki
KEOGH LAW, LTD
55 W. Monroe St., Suite 3390
Chicago, IL 60603

Scott David Owens
Patrick Christopher Crotty
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019

Bret L. Lusskin, Jr., Esq.
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180

*Counsel for Plaintiff Flaum and the Class*

Dated: 3/14/17

By:    DOCTOR'S ASSOCIATES, INC.

Name: DAVID A. COUSINS

Title: DULY AUTHORIZED

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:16-cv-61198-CMA**

_____

SHANE FLAUM, individually,
and on behalf of others similarly situated,

     Plaintiff,

v.

DOCTOR'S ASSOCIATES, INC.,
a Florida corporation, doing business as
SUBWAY,

     Defendant.

_____

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS,**
**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,**
**AND DIRECTING NOTICE TO THE CLASS**

     **THIS CAUSE** came before the Court on Plaintiff, Shane Flaum's Motion for

Preliminary Approval of Class Action Settlement ("Mot.") [ECF No. ___]; and the Settlement

Agreement and Release ("Agreement") (see Mot. App. 1 [ECF No. ___56-1]), both filed March

21, 2017.  Being fully advised, it is

     **ORDERED AND ADJUDGED** as follows:

     1.    The Motion [ECF No. ___] is **GRANTED** pursuant to Federal Rule of Civil

Procedure 23, and the terms of the Agreement [ECF No. ___-1], including all Exhibits thereto,

attached to the Motion, are preliminarily **APPROVED**, subject to further consideration at the

Fairness Hearing provided for below. This Order incorporates the Agreement, including all

Exhibits. The Agreement was entered into only after extensive arm's-length negotiations by

experienced counsel and following ongoing mediation efforts presided over by a professional

mediator, Mark A. Buckstein. The Court finds that settlement embodied in the Agreement is sufficiently within the range of reasonableness so that notice of the settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of the litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## I.      ADDITION OF PLAINTIFF JASON ALAN TO THIS ACTION

2.      Plaintiff is given leave to amend his complaint within seven days of the date of this Order, to add Jason Alan as an additional Plaintiff after Defendant and Mr. Alan file their stipulation of dismissal of *Alan v. Doctors Associates*, No. 0:16-cv-62677-WJZ pending before the Honorable William J. Zloch.  Defendant shall file an answer within seven days of the filing of the amended complaint.

3.      The terms of the Settlement Agreement and Release, dated [INSERT DATE], including all Exhibits thereto (together, the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and following two in-person mediations with the second mediation occurring after the close of discovery, including the close of expert discovery. The Court finds that the settlement embodied in the Agreement (the "Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in this Order.  In making this determination, the Court has considered the current posture of this litigation and the

2

risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II.     THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.

4.      The Settlement Class is defined as follows:

> The cardholders who hold the 2,687,021 unique credit or debit card numbers based on the first six and last four digits of their accounts, whose EMV debit or credit card was used to make a purchase by tapping or inserting the card in a payment terminal at a Subway restaurant that was using a version of Subway Payment Manager that was programmed to print EMV card expiration dates on customer transaction receipts, between January 1, 2016 and the date of preliminary approval of the Settlement.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: The district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children.

In addition, excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

5.      The Court makes the following determinations as to certification of the Settlement Class:

(a)      The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)      The Settlement Class is so numerous that joinder of all members is impracticable;

(c)      There are questions of law or fact common to the members of the Settlement Class;

(d)      The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

3

(e)     Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement;

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable; and

(h)     Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Scott D. Owens, Keith J. Keogh, Michael S. Hilicki, Bret L. Lusskin, and Patrick Crotty, are adequate to represent the Class and appoints them Class Counsel.

## III.     NOTICE TO CLASS MEMBERS

7.     The Court has considered the proposed forms of notice including the Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release (attached as Exhibit 2, 3, 4 and 8 to the Settlement Agreement) and Settlement Claim Forms (attached as Exhibits 6 and 7 to the Settlement Agreement), and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.  The notice program shall commence on or about 75 days after entry of this Order (the

4

"Notice Deadline").   The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid from the Settlement Fund in accordance with the Agreement.

8.     The Court appoints Kurtzman Carson Consultants LLC ("KCC") as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of the Agreement; (c) answering written and telephonic inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing Settlement Claim Forms from and distributing Settlement payments to Settlement Class Members; (g) paying from the Settlement Fund any fees and costs incurred or due to banks, credit card processing companies, or others for responding to subpoenas to locate or identify the Settlement Class Members; (h) providing Notifications to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and (i) otherwise assisting with implementation and administration of the terms of the Agreement.

## IV.     REQUEST FOR EXCLUSION FROM THE CLASS

9.     A Settlement Class Member who wishes to be excluded from the Settlement Class shall mail a written Request For Exclusion to the Claims Administrator, so that it is postmarked no later than 135 days after Preliminary Approval, by _____, 2017 (the "Opt-Out and Objection Deadline"), and shall clearly state the following: (a) identify the case name and

number; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Flaum v. Doctor's Associates, Inc.*"

10.     A Settlement Class Member who desires to opt out of the Settlement Class must take timely affirmative written action pursuant to this Order, even if he or she (a) files or has filed a separate action against any of the Doctor's Associates Releasees, or (b) is, or becomes, a putative class member in any other class action filed against any of the Doctor's Associates Releasees.

11.     Any Settlement Class Member who does not properly and timely mail a Request For Exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Agreement, including the Release and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## V.     OBJECTIONS

12.     Objections must be received by the Opt-Out and Objection Deadline (by _____, 2017).  To be valid, the objection must include:  (a) the case name and number; (b) the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his or her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he or she intends to appear at the Final Approval Hearing, either with or without counsel; (e) any documentation in support of such

6

objection; and (f) the date of the purchase for which the Settlement Class Member received a receipt containing the expiration date of his or her debit or credit card.  In addition, a Settlement Class Member who does not complete and submit a Claim Form or a Publication Claim Form must provide, to the Claims Administrator, the first six and last four digits of the credit or debit card used to make the purchase.  Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Paragraph shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

## VI.    PROOFS OF CLAIM

13.    To effectuate the Agreement, Class Settlement, and the provisions of the Class Notice program, the Claims Administrator shall be responsible for the receipt of all Requests for Exclusion and Settlement Claim Forms.  The Claims Administrator shall preserve, on paper or transferred into electronic format, all Requests for Exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court.  All written communications received by the Claims Administrator from Settlement Class Members relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Doctor's Associates, Inc., including prior to payments being mailed to each Settlement Class Member.

14.    In order to be entitled to participate in the Class Settlement, if effectuated in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

A.       A Settlement Class Member who wishes to receive a distribution from the Settlement Fund must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, which is 135 days after Preliminary Approval, or _____, 2017.  If such Settlement Claim Form is submitted by mail via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked.  If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

B.       Except as provided herein, each completed Settlement Claim Form must contain the following information:  (a) name; (b) physical address; (c) phone number, which shall be optional; and (d) email address to the extent that the Settlement Class Member has one. The website claim form will prepopulate this information as available for persons who first enter their claim ID, and will ask them to update or correct any information.

C.       Settlement Claim Forms submitted by recipients of the Publication Notice must also contain a verification sufficient to establish membership in the Settlement Class. The Settlement Claim Form shall require each Settlement Class Member to verify under penalty of perjury that the information he or she is providing is true and correct as of the date thereof to the best of his or her knowledge and belief.

Each Settlement Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel and counsel for Doctor's Associates, Inc. about which claims should be allowed;

D.       Any person to whom a Summary Notice is not mailed and who claims that between January 1, 2016 and the present, a Subway restaurant in the United States provided

8

him or her with one or more printed point-of-sale credit- or debit-card transaction receipt(s) that contained the card expiration date, and who submits along with his or her Settlement Claim Form a sworn statement under penalty of perjury itemizing the store(s) that provided each such receipt and the date(s) when each such receipt was provided, shall, after the Claims Administrator validates that the transaction(s), according to records of Doctor's Associates, Inc., were at a Subway restaurants that was using a version of Subway Payment Manager programmed to pint EMV card expiration dates on customer transaction receipts, be entitled to a pro rata distribution in the same amount as Settlement Class Members to whom the Claims Administrator distributed notice by mail.  A person whose claim form does not match a transaction in Doctor's Associates' records showing a receipt at a Subway restaurants that was not properly truncating receipts is not a Settlement Class Member;

E.      The Claims Administrator will notify each person who filed a Settlement Claim Form or Publication Notice Claim Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Form or Publication Notice Claim Form submitted by such person and will set forth the reasons for any such disallowance.  Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Form or Publication Notice Claim Form that is identified.  A copy of such notification shall also be sent by the Claims Administrator to Class Counsel and Counsel for Doctor's Associates Inc.;

F.      All Settlement Class Members who do not submit a timely Settlement Claim Form or who submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement and shall be bound by all of the terms and provisions of the Agreement; and

9

G.      Each Settlement Class Member who submits a Settlement Claim Form or Publication Notice Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall, subject to final approval of the Agreement and Class Settlement, be bound by all the terms and provisions of the Agreement.

## VII.    CONFIDENTIALITY

15.      If Plaintiffs subpoena any non-party for information about the Settlement Class Members, such as contact information, that information shall be treated as confidential and not be disclosed to any person or entity other than Class Counsel, Counsel for Doctor's Associates, Inc., the Claims Administrator, the party that Plaintiffs shall subpoena and the Court.  Likewise, any information received by the Claims Administrator that pertains to a particular Settlement Class Member, including transactional data of Doctor's Associates, Inc. and information submitted in conjunction with a Request for Exclusion (other than the identity of the person requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Counsel for Doctor's Associates, Inc., and, if necessary, the Court, and shall otherwise be treated as provided for in the Agreement.

## VIII.   FAIRNESS HEARING

16.      A hearing on final settlement approval (the "Fairness Hearing") will be held on _____, 2017, at _____          [200 days from the date of this Order] before this Court, at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room _____, Miami, Florida 33128, to consider, inter alia, the following: (a) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement pursuant to the Federal Rules of

10

Civil Procedure, applicable law, and other procedural rules or and requirements; and (b) entering the Order of Final Approval.

17.     At least 14 days prior to the Opt-Out and Objection Deadline, Class Counsel shall file with the Court any Fee Petition.

18.     At least 14 days before the Fairness Hearing, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Agreement and Class Settlement.

19.     Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above and who also has timely filed an objection may appear at the Fairness Hearing in person or by counsel and may be heard to the extent allowed by the Court.  However, no person shall be heard in opposition to the Agreement and Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless that person files such papers and briefs with the Court and serves them upon counsel listed below by the Opt-Out and Objection Deadline. Settlement Class Members who object in the manner and by the dates provided herein and in accordance with paragraph 12 above shall be subject to the jurisdiction of this Court.  Settlement Class Members who fail to object in the manner and by the dates provided herein and in accordance with paragraph 12 above shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

20.     Counsel for the Parties who must be served with all documentation described above are as follows:

        <u>Counsel for the Settlement Class:</u>
        Keith J. Keogh
        Michael Hilicki
        Keogh Law LTD
        55 W. Monroe Street
        Suite 3390
        Chicago, IL 60603

        <u>Counsel for Doctor's Associates, Inc.:</u>
        Peter Breslauer
        Montgomery McCracken Walker & Rhoads LLP
        123 South Broad Street, 24th. Fl.
        Philadelphia, PA 19109

21.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Claims Deadline.

22.     The date and time of the Fairness Hearing shall be set forth in the Summary Notice, Full Notice, Publication Notice and the Settlement Website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website to be established pursuant to the Class Notice program.

23.     Pending Final Approval, all Settlement Class Members are hereby preliminarily enjoined from, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), from (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class

allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims or the facts and circumstances relating thereto.

24.     Upon Final Approval, all Settlement Class who do not file a timely Request for Exclusion shall be deemed to have forever released any and all of the Released Claims against any of the Doctor's Associates Releasees, as described in the Settlement Agreement, including, but not limited to, all claims that were or could have been asserted in the Litigation and all claims that relate to or arise from printing too much information on any receipts from a Subway restaurant during the settlement class period, including, but not limited to, any claims under FACTA, for a violation of any consumer protection statutes, or regarding identity theft or the risk of identity theft.   In addition, upon Final Approval, all such Settlement Class Members shall be forever enjoined and barred from asserting any of the Released Claims against any of the Doctor's Associates Releasees.

## IX.     OTHER PROVISIONS

25.     Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

26.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for

13

any other reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor this Order shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

27.     This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Doctor's Associates, Inc. of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs, Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

28.     The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| _____, 2017<br>[75 days after the date of the Preliminary Approval Order] | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
|---|---|
| _____, 2017<br>[at least 14 days prior to the Objection Deadline] | Plaintiffs to file attorney fee petition |
| _____, 2017<br>[135 days after the Preliminary Approval] | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) |

| _____, 2017<br>[135 days after the Preliminary Approval] | Deadline for Settlement Class Members to submit a Settlement Claim Form or Publication Notice Claim Form (Claim Deadline) |
|---|---|
| _____, 2017<br>[30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper Requests for Exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2017 at ____ _.m.<br>[200 days after the Preliminary Approval Order] | Final Approval Hearing |

**DONE and ORDERED** in Miami, Florida, this _____ day of

_____, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

15

# EXHIBIT 2

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a proposed Settlement in a class action lawsuit for *Flaum v. Doctor's Associates, Inc.*, Case No. 0:16-cv-61198-CMA (S.D. Fl.). |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a class of individuals, where the Plaintiffs claimed that, between January 01, 2016, and _____, 2017, some Subway restaurants located in the United States printed point-of-sale receipts for credit or debit card transactions that displayed the expiration date of the card number used in the transaction.  Subway restaurants are franchised by Doctor's Associates, Inc. ("Doctor's Associates"). Any person that does not match Doctor's Associates transaction data showing that they may have received a receipt that may have violated the Fair and Accurate Credit Transactions Act ("FACTA") shall not be a Settlement Class Member.  Doctor's Associates denies any wrongdoing.  The Court has not ruled on the merits of Plaintiffs' claims or the defenses of Doctor's Associates. |
| **Why am I getting this notice?** | You were identified as someone for whom a Subway restaurant may have printed such a receipt, according to records of Doctor's Associates. |

| | |
|---|---|
| **What does the Settlement provide?** | Doctor's Associates has agreed to pay $30,900,000 into a Settlement Fund, which will pay for the cost of notice and administration of the Settlement, payments to Settlement Class Members who file valid claims, attorneys' fees and expenses incurred by counsel for Plaintiffs and the Settlement Class ("Class Counsel") and an Incentive Payment for Plaintiffs, if approved by the Court.  Each Settlement Class Member who submits a valid claim form may receive a payment, subject to pro rata distribution of the settlement.  Plaintiffs' counsel will petition for an Incentive Payment not to exceed $10,000 to Plaintiff Jason Alan and $20,000 to Plaintiff Shane Flaum for their services as Class Representatives, and for Class Counsel's fees, not to exceed $10,300,000 (which is one-third of the Settlement Fund), plus Class Counsel's reasonable expenses. |
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by [_____].  You can obtain and submit a Claim Form online at www.DAI-FACTASettlement.com, by mail, or by telephone by calling_____.  Claim Forms submitted by mail must be sent to the Settlement Administrator at the address below and must be postmarked no later than [----------]. |

| | |
|---|---|
| **Do I have to be included in the Settlement?** | If you don't want monetary compensation from this Settlement and you want to keep the right to pursue or continue to pursue these claims against Doctor's Associates on your own, then you must exclude yourself from the Settlement by sending a letter requesting exclusion to the Settlement Administrator, postmarked no later than [_____] at the address below.   The letter requesting exclusion must contain the specific information set forth on the Full Notice on the Settlement Website and in the Settlement Agreement. |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you don't exclude yourself from the Settlement, you can object to any part of the Settlement.   You must file your written objection with the Court by [_____].   Your written objection must also be mailed to Class Counsel <u>and</u> Doctor's Associates Counsel and be postmarked no later than [_____].   Your written objection must contain the specific information set forth in Question 16 of the Full Notice ("How do I tell the Court that I do not think the Settlement is fair?"), available at <u>www.DAI-FACTASettlement.com</u>.  If you file an objection, in order to remain eligible to receive a payment, you must also file a claim form. |
| **What if I do nothing?** | If you do nothing, you will not be eligible for a payment.  But, you will still be a Settlement Class Member and be bound by the Settlement, and you will release Doctor's Associates from all liability associated with the alleged actions giving rise to this case. |

| **The Final Approval Hearing** | The Court will hold a Final Approval Hearing in this case, *Flaum v. Doctor's Associates, Inc.*, Case No. 0:16-cv-61198-CMA, at [TIME] on [200 days after preliminary approval] in Room 12-2 in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. You may hire your own attorney to appear and speak at the hearing at your own expense, but it is not necessary. |
|---|---|
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your exclusion and objection rights and the final approval hearing, visit www.DAI-FACTASettlement.com. You can also obtain additional information, a more detailed notice describing the Settlement, or a Claim Form, by calling [INSERT ADMINISTRATOR NUMBER]. |

DAI FACTA SETTLEMENT
SETTLEMENT ADMINISTRATOR
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]

[NAME][ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

# EXHIBIT 3

***Shane Flaum v. Doctor's Associates, Inc.***
**United States District Court for the Southern District of Florida,**
**Case No. 0:16-cv-61198-CMA**
**If you made a purchase at a Subway restaurant using a credit card or debit card between January 01, 2016 and _____, 2017, you may be entitled to benefits under a class action settlement.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- Plaintiffs allege that willfully printing receipts for credit or debit card transactions that include the expiration date of the card number violates the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g)(1) *et seq.* ("FACTA").  Plaintiffs further allege that Doctor's Associates, Inc. ("Doctor's Associates") willfully violated FACTA in the lawsuit identified above by printing point-of-sale receipts for credit and debit card transactions at Subway restaurants in the United States that displayed the expiration date of the card number.  Doctor's Associates denies Plaintiffs' allegations and denies any wrongdoing whatsoever.  The Court has not ruled on the merits of Plaintiffs' claims or the defenses of Doctor's Associates. By entering into the Settlement, Doctor's Associates has not conceded the truth or validity of any of the claims against it.

  Doctor's Associates has agreed to pay $30,900,000 (the "Settlement Fund") in full and final settlement and release of the claims of persons for whom Subway restaurants may have printed the expiration date of the card number.   The Settlement Class is defined as the cardholders who hold the 2,687,021 unique credit or debit card numbers based on the first six and last four digits of their accounts, whose EMV (chip-based) debit or credit card was used to make a purchase by tapping or inserting the card in a payment terminal at a Subway restaurant that was using a version of Subway Payment Manager programmed to print EMV card expiration dates on customer transaction receipts, between January 1, 2016 and the date of preliminary approval of the Settlement.

- Not all Subway locations were printing expiration dates on receipts.  While the class period is January 1, 2016 to the date of preliminary approval of the Settlement, nearly all of the receipts that contained expiration dates were printed during May or June 2016.

- The Settlement Fund will be used to pay all amounts related to the Settlement, including payments to each Settlement Class Member who submits a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and reasonable expenses, and the costs of notice and administering the Settlement. Class Counsel anticipate that they will petition the Court for attorney fees not to exceed one-third of the Settlement Fund, and will also petition for Incentive Payments of $10,000 to Plaintiff Jason Alan  and $20,000 to Plaintiff Shane Flaum for their service as Class Representatives.  Settlement Class Members who timely submit a valid Claim Form will receive a pro rata payment distribution, calculated by dividing the available funds for distribution to the Settlement Class by the number of persons who submit valid Claim Forms.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice.  Your legal rights are affected whether you act or don't act.  Read this Notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

| | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by [_____], you will receive a payment and will give up your rights to sue Doctor's Associates and/or any other released parties ("Doctor's Associates Releasees", as defined in the Settlement Agreement) on any Released Claim, as defined in the Settlement Agreement.  If you have a Class ID number, Claim Forms may be submitted by mail to [ADMIN PO BOX] or through the settlement website by clicking www.DAI-FACTASettlement.com or by calling [Insert].  If you do not have a Class ID number, you must submit the Publication Claim Form and provide each such receipt, if available, the date(s) when each such receipt was provided and the store location, and the first six and last four digits of the account number of the credit or debit card used for your purchase.  The Claims Administrator may seek additional information from persons who submit Publication Claim Forms to validate claims. |
| EXCLUDE YOURSELF OR "OPT OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment.  This is the only option that allows you to pursue or continue to pursue claims against Doctor's Associates or any other Doctor's Associates Releasee on your own in the future.  The deadline for excluding yourself is [60 days after Notice Deadline]. |
| OBJECT TO THE SETTLEMENT | You may write to the Court about why you believe the Settlement is unfair in any respect.  Please see Section 16 below ("How do I tell the Court that I do not think the Settlement is fair?").  The deadline for objecting is [_____].  To obtain a benefit from this Settlement, you must still complete and submit a Claim Form or Publication Claim Form.  If you only submit an objection, you will not receive any benefit from the Settlement and you will give up your right to pursue or continue to pursue a Released Claim against Doctor's Associates or any other Doctor's Associates Releasee. |
| DO NOTHING | If you do nothing, you will not receive any monetary award, but you will give up your rights to pursue or continue to pursue a Released Claim against Doctor's Associates or any other Doctor's Associates Releasee. |

| GO TO THE FINAL APPROVAL HEARING | You may ask to speak in Court about the fairness of the Settlement, if you object to the Settlement. To speak at the Final Approval Hearing, you must comply with the requirements set forth in Question 21 below no later than [_____]. |
|---|---|

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the class action lawsuit entitled *Flaum v. Doctor's Associates, Inc.*, Case No. 0:16-cv-61198-CMA (S.D. Fla.). Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the Settlement and your rights under it.

### 2. What does it mean if I received an email or postcard about this Settlement?

If you received an email or postcard describing this Settlement, it is because records of Doctor's Associates indicate that you may be a member of the Settlement Class in this action. You are a member of the Settlement Class if a Subway restaurant store located in the United States provided a point-of-sale receipt for a credit card or debit card transaction to you that contained the expiration date of the card, at any time between January 01, 2016 and [date of preliminary approval].

If you did not receive an email or postcard describing this Settlement, you may still submit the Publication Notice Claim Form by clicking www.DAI-FACTASettlement.com. The Claims Administrator will check the written information you provide on the Publication Notice Claim Form against transaction data of Doctor's Associates. If the information does not match, you will not be a Settlement Class Member and are not entitled to any relief.

### 3. What is this class action lawsuit about?

In a class action, one or more people called Class Representatives (here, Plaintiffs Jason Alan and Shane Flaum) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs alleges that Doctor's Associates willfully violated FACTA by printing point-of-sale receipts for credit card and debit card transactions at its Subway restaurants that displayed the expiration date of the credit or debit card number. Doctor's Associates denies these allegations and denies any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Cecilia M. Altonaga is the judge in charge of the lawsuit.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Doctor's Associates. Instead, both sides agreed to this Settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class Members will receive compensation. Plaintiffs and Class Counsel think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT CLASS?

**5. How do I know if I am part of the Settlement Class?**

The Court has certified this case as a class action for settlement purposes only. The Settlement Class is defined as:

> The cardholders who hold the 2,687,021 unique credit or debit card numbers based on the first six and last four digits of their accounts, whose EMV debit or credit card was used to make a purchase by tapping or inserting the card in a payment terminal at a Subway restaurant that was using a version of Subway Payment Manager that was programmed to print EMV card expiration dates on customer transaction receipts, between January 1, 2016 and the date of preliminary approval of the Settlement.

> Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: The district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children.

> "Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class.

It is important to note that only some Subway locations printed such receipts, and almost all receipts that contained expiration dates were printed in May or June 2016. Therefore, just because you were provided with a receipt for a credit or debit card transaction at a Subway restaurant after January 01, 2016, it does not necessarily mean that you are a Settlement Class Member. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.DAI-FACTASettlement.com, you may write to the Claims Administrator at Flaum v. Doctor's Associates, Inc., c/o [ADMINISTRATOR AT P.O. BOX], or you may call the Toll-Free Settlement Hotline, [INSERT NUMBER], for more information.

## THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed lawyers from the law firms of Scott D. Owens, P.A., Keogh Law, Ltd., and Bret Lusskin, P.A. as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the $30,900,000.00 Settlement Fund, which is $10,300,000.00, to them for attorneys' fees and reasonable expenses.

Class Counsel also will ask the Court to approve payment of up to $10,000 to Plaintiff Jason Alan and $20,000 to Plaintiff Shane Flaum for their service as Class Representatives.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the settlement provide?**

**Settlement Fund**.  Doctor's Associates will pay $30,900,000 into a fund (the "Settlement Fund"), which will cover: (1) payments to Settlement Class Members who submit timely and valid claim forms; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed $10,300,000, which is one-third of the Settlement Fund; (3) Class Counsel's reasonable expenses; (4) an Incentive Payment to Plaintiffs, as approved by the Court; and (5) the costs of notice and administration of the Settlement.

**Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a payment.  To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to Doctor's Associates.**  All money in the Settlement Fund beyond the funds the Court authorizes to be paid for the costs of notice and administration of the settlement, attorneys' fees and expenses to Class Counsel and any incentive awards to Plaintiffs, will be divided and paid pro rata to the Settlement Class Members who submitted valid and timely Claim Forms. All unclaimed funds shall be paid via a Second Distribution to those class members who cashed their checks.  Only after a Second Distribution or if a Second Distribution is not feasible, will unclaimed fund be paid, as a cy pres award on behalf of the Class, to the Electronic Frontier Foundation. No portion of the Settlement Fund will return to Doctor's Associates.

**9. How much will my payment be?**

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit.  Each Class Member who submits a valid Settlement Claim Form will be entitled to receive compensation that will be distributed on a pro rata basis.  **The final payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members, but Plaintiff estimates ____.**

**10. What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement, you will be part of the Settlement Class and will be bound by the Release of claims in the Settlement.  This means that if the Settlement is approved, you cannot pursue or continue to pursue any Released Claim against Doctor's Associates or any other Doctor's Associates Releasee, whether on your own or as part of any other lawsuit, as explained in the Settlement Agreement.  It also means that all of the Court's orders will apply to you and legally bind you.  Unless you exclude yourself from the Settlement, you will agree to release Doctor's Associates and any other Doctor's Associates Releasee, as defined in the Settlement Agreement, from any and all claims that were or could be asserted in

the litigation and all claims that relate to or arise from printing too much information on any receipts from a Subway restaurant during the Settlement Class period.

In summary, the Release includes, without limitation, all claims that arise, could arise, were asserted or could have been asserted based on printing too much information on any receipts from a Subway restaurant, including, but not limited to, claims under FACTA, the Fair Credit Reporting Act, any other statute or the common law, or regarding identity theft or the risk of identity theft, for any form of relief.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

**11. How can I get a payment?**

To receive a payment, you must submit a Claim Form by the deadline stated below.  If you have a Class ID number, Claim Forms may be submitted by mail to [ADMIN PO BOX] or through the settlement website by clicking www.DAI-FACTASettlement.com or by calling [Insert].

If you do not have a Class ID number, you must submit the Publication Claim Form by mail to [ADMIN PO BOX] and provide each such receipt or the date(s) when each such receipt was provided and the store location.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12. When would I receive a Settlement payment?**

The Court has scheduled a hearing on [DATE] to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Update information will be posted on the Settlement Website at www.DAI-FACTASettlement.com.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How can I get out of the Settlement?**

If you want to keep the right to pursue or continue to pursue any Released Claim against Doctor's Associates or any Doctor's Associates Releasee, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class.  This is called excluding yourself from, or opting out of, the Settlement Class.

To exclude yourself from the Settlement, you must send an exclusion request to the Claims Administrator.  To be valid, a member of the Settlement Class who wishes to be excluded from the Settlement Class shall mail a written notice of exclusion to the Claims Administrator, so that

it is postmarked no later than 60 days after the Notice Deadline, or _____, 2017 (the "Opt-Out and Objection Deadline"), and shall clearly provide the following in the written notice of exclusion: (a) the case name and number; (b) the name, address, and telephone number of the Settlement Class Member; (c) the personal signature of the Settlement Class Member requesting exclusion; and (d) a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Flaum v. Doctor's Associates, Inc.*." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than [_] to the Claims Administrator at Flaum v. Doctor's Associates, Inc., c/o [INSERT ADMIN PO BOX].**

**14. If I do not exclude myself, can I sue Subway for the same thing?**

No. If you do not exclude yourself, you give up any right to pursue (or continue to pursue) any Released Claims against Doctor's Associates or any Doctor's Associates Releasee.

**15. If I exclude myself, can I get a benefit from this Settlement?**

No. If you ask to be excluded, you will not be able to submit a Claim Form for a Settlement payment and you cannot object to the Settlement.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not think the Settlement is fair?**

If you are in the Settlement Class, you can object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and expenses or Incentive Payment.

To be valid, the objection must be received by the Opt-Out and Objection Deadline (by _____ 2017), and include: (a) the case name and number; (b) the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his or her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he or she intends to appear at the Final Approval Hearing, either with or without counsel; (e) any documentation in support of such objection; and (f) the date and location of the purchase for which the Settlement Class Member received a receipt with the card expiration date. In addition, a Settlement Class Member who does not complete and submit a Claim Form or a Publication Claim Form must provide, to the Claims Administrator, the first six and last four digits of the credit or debit card used to make the purchase.

Any Settlement Class Member who fails to object to the Settlement in the manner described above shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

**To be considered, you must file your objections with the Court.  Your objections must also be mailed to the addresses below and postmarked or received no later than [60 days after Notice Deadline].**

For Plaintiff:

Keith J. Keogh
Michael S. Hilicki
Keogh Law, Ltd.
55 West Monroe St., Ste. 3390
Chicago, IL 60603

For Doctor's Associates, Inc.:

Peter Breslauer
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109

**Even if you timely and properly object, to obtain a benefit from this Settlement, you must submit a Claim Form.  If you object but fail to submit a Claim Form, you will not receive any monetary award.**

| 17. What is the difference between objecting and excluding yourself? |
|---|

Objecting is telling the Court that you oppose something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself means that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

| 18. What happens if I do nothing at all? |
|---|

If you do nothing, you will not receive any monetary award, but you will give up your rights to pursue or continue to pursue Released Claims against Doctor's Associates or any other Doctor's Associates Releasee.  For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

| 19. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold a Final Approval Hearing at [TIME] on [200 days after preliminary approval] at Room 12-2 in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in Question 16 above,

the Court will also consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

## 20. Do I have to come to the hearing?

No.  Class Counsel will appear on behalf of the Settlement Class.  But you are welcome to come, or have your own lawyer appear, at your own expense.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear.  For this document to be considered, it must include your name, address, telephone number and your signature.  The document must be filed with the Court no later than [_____].  You cannot speak at the hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This Notice is only a summary of the proposed Settlement.  You can get a complete copy of the Settlement Agreement by visiting the Settlement Website, www.DAI-FACTASettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, [INSERT NUMBER].  You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, DOCTOR'S ASSOCIATES, INC., OR COUNSEL FOR DOCTOR'S ASSOCIATES, INC. ABOUT THE SETTLEMENT.  ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

# EXHIBIT 4

**If you used a credit or debit card at certain Subway restaurants between January 1, 2016, and _____, 2017, you may be eligible for a recovery in a class action settlement.**



File your claim

www.DAI-FACTASettlement.com

If you used a credit or debit card at certain Subway restaurants between January 1, 2016, and _____, 2017, you may be eligible for a recovery in a class action settlement.

**File your claim**

www.DAI-FACTASettlement.com

If you used a credit or debit card at certain Subway restaurants between January 1, 2016, and _____, 2017, you may be eligible for a recovery in a class action settlement.

**File your claim**

www.DAI-FACTASettlement.com

Subway Credit Card Receipt - Class Action Settlement

Ad www.dai-factasettlement.com

Use a credit/debit card at certain Subway restaurants?

## Subway Credit Card Receipt - Class Action Settlement
Ad www.dai-factasettlement.com
Use a credit/debit card at certain Subway restaurants?



**Subway Credit Card Receipt Class Action**
Sponsored · 🌐

👍 Like Page

If you used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017, you may be eligible for a recovery in a class action settlement.

Subway Credit Card Receipt Class Action

DAI-FACTASETTLEMENT.COM

Learn More

👍 Like          💬 Comment          ➜ Share



**Subway Credit Card Receipt Class Action**
Sponsored · ⊘

If you used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017, you may be eligible for a recovery in a class action settlement.



**Subway Credit Card Receipt Class Action**

dai-factasettlement.com

[ Learn More ]

👍 Like          💬 Comment          ➔ Share

---

Settlement News @SettlementNews
⊕ Dec 31
Used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017?



Subway Credit Card Receipt Clas...
www.dai-factasettlement.com

↩ ##        ⇄ ##        ♡ ##

↗ Promoted

 **Settlement News** @SettlementNews
⏱ Dec 31
Used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017?



Subway Credit Card Receipt Class Action
www.dai-factasettlement.com

 ##  ##  ##
 Promoted

 **Settlement News** @SettlementNews · ⏱ Dec 31
Used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017?



**Subway Credit Card Receipt Class Action**
www.dai-factasettlement.com

↩ ##    ⟳ ##    ♥ ##
↗ Promoted



**Subway Credit Card Receipt Class Action**
Sponsored · 🌐

If you used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017, you may be eligible for a recovery in a class action settlement.



## Subway Credit Card Receipt Class Action

DAI-FACTASETTLEMENT.COM

**Learn More**

  Like     Comment     Share



**Subway Credit Card Receipt Class Action**

Sponsored · 

If you used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017, you may be eligible for a recovery in a class action settlement.



**Subway Credit Card Receipt Class Action**

dai-factasettlement.com

Learn More

 Like        Comment       Share



Settlement News @SettlementNews

Used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017?



Subway Credit Card Receipt Clas...
www.dai-factasettlement.com

 ##     ##     ##

 Promoted



**Settlement News** @SettlementNews · Dec 31

Used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017?



**Subway Credit Card Receipt Class Action**

www.dai-factasettlement.com

 ##     ##     ##

 Promoted



**Settlement News** @SettlementNews

Used a credit or debit card at certain Subway restaurants between January 1, 2016 and _____, 2017?



Subway Credit Card Receipt Class Action
www.dai-factasettlement.com

 ##      ##      ##

 Promoted

**If you used a credit or debit card at certain Subway restaurants between January 1, 2016, and _____, 2017, you may be eligible for a recovery in a class action settlement.**

## File your claim

www.DAI-FACTASettlement.com

If you used a credit or debit card at certain Subway restaurants between January 1, 2016, and _____, 2017, you may be eligible for a recovery in a class action settlement.

**File your claim**

www.DAI-FACTASettlement.com

If you used a credit or debit card at certain Subway restaurants between January 1, 2016, and _____, 2017, you may be eligible for a recovery in a class action settlement.

**File your claim**

www.DAI-FACTASettlement.com

Ad www.dai-factasettlement.com
Use a credit/debit card at certain Subway restaurants?

Subway Credit Card Receipt - Class Action Settlement

**Ad** www.dai-factasettlement.com

Use a credit/debit card at certain Subway restaurants?

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-61198-CMA

_____

SHANE FLAUM, individually,
and on behalf of others similarly situated,

     Plaintiff,

v.

DOCTOR'S ASSOCIATES, INC.,
a Florida corporation, doing business as
SUBWAY,

     Defendant.

_____

**[PROPOSED] FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE, AND FINAL JUDGMENT**

**THIS CAUSE** came before the Court on the Motion of Plaintiffs, Jason Alan and Shane Flaum, for Final Approval of Class Action Settlement ("Mot."), the proposed allocation and distribution of funds among the Settlement Class; and Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representative [ECF No. ___].  Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1.     This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

1

2.      The Court has personal jurisdiction over the Class Representatives, Settlement Class Members, and Doctor's Associates for purposes of this Settlement only, and has subject matter jurisdiction to approve the Agreement.

3.      The Settlement Class previously certified by the Court includes:

The cardholders who hold the 2,687,021 unique credit or debit card numbers based on the first six and last four digits of their accounts, whose EMV debit or credit card was used to make a purchase by tapping or inserting the card in a payment terminal at a Subway restaurant that was using a version of Subway Payment Manager that was programmed to print EMV card expiration dates on customer transaction receipts, between January 1, 2016 and the date of preliminary approval of the Settlement.

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: The district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children.

In addition, excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order certifying the Settlement Class and granting preliminary approval of the Settlement (ECF ___, "Preliminary Approval Order").

4.      The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Class Notice:   (i) constitutes reasonable and the best notice that is practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and the Class Settlement set forth in the Agreement ("Class Settlement"), and the right of Settlement Class Members to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on _____; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

2

5.      This Order shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

6.      The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for Doctor's Associates resulting in the Agreement.

7.      The Court finds that the designated Class Representatives are adequate representatives.

8.      The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9.      Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Agreement and the Class Settlement and finds that the Agreement, the Class Settlement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10.     The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement.  The claims against Doctor's Associates on behalf of the Settlement Class in *Flaum v. Doctor's Associates, Inc.*, Case No. 0:16-cv-61198-CMA (S.D. Fla.), are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11.     Upon the Effective Date of the Agreement, the Settlement Class and each Settlement Class Member, shall release and forever discharge Doctor's Associates and the Doctor's Associates Releasees from any and all Released Claims.

3

a. "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been asserted in the Litigation and all claims that relate to or arise from printing too much information on any receipts from a Subway restaurant during the settlement class period, including, but not limited to, any claims under arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act, Pub. L. 108–159, and 15 U.S.C. § 1681c(g) (collectively, "FACTA"), for a violation of any consumer protection statutes, or regarding identity theft or the risk of identity theft.

b. "Doctor's Associates Releasees" means Doctor's Associates, each of its franchisees (including without limitation all Subway® franchisees), affiliates, parents, subsidiaries, predecessors, successors, co-venturers, divisions, joint venturers, joint ventures and assigns, as well as each of those entities' past and present owners, investors, directors, officers, employees, partners, managers, members, principals, agents, development agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants and auditors, banks and investment banks, consultants, vendors, contractors, licensors, franchisors, and assigns.

c.     The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any Doctor's Associates Releasee based, in whole or in part, on any of the Released Claims.

d.     The Settlement Class and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute in the United States.  Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Even if the Settlement Class and each Settlement Class Member hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, each Settlement Class Member shall be deemed to have, and by operation of this Order shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

e.     Each Class Representative and each Settlement Class Member hereby releases and forever discharges any and all claims that he or she may have against any Doctor's Associates Releasee.

12.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be offered by any person or received against Doctor's Associates or any Doctor's Associates Releasee as evidence of—or construed as or deemed to be evidence of—any presumption,

concession, or admission by Doctor's Associates or any Doctor's Associates Releasee of the truth of the facts alleged, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, wrongdoing, or violation of any statute or law by Doctor's Associates or any Doctor's Associates Releasee.

13.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses.  Pursuant to Rules 23(h)(3) and 52(a), this Court makes the following findings of fact and conclusions of law:

(a)     this Settlement confers substantial benefits on the Settlement Class Members;

(b)     the value conferred on the Settlement Class is immediately and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement Class Members who have submitted valid Settlement Claim Forms or Publication Notice Claim Forms will receive payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under FACTA);

(c)     Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     this Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     this Settlement was reached following extensive arms'-length negotiation between Class Counsel and Counsel for Doctor's Associates, facilitated by a professional mediator, and was negotiated in good-faith and in the absence of collusion;

(f)　　during the prosecution of the claims in the Litigation, Class Counsel incurred expenses in the aggregate amount of $_____, which included mediation and other expenses and which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g)　　Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees and reasonable expenses in an amount up to one-third of the Settlement Fund ($10,300,000.00), to be paid from the Settlement Fund;

(h)　　_____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(i)　　attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole.  *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); and

(j)　　the requested fee award is consistent with other fee awards in this Circuit. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming class attorneys' award of 33.3%) and *e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).  This fee is also consistent with three recent FACTA cases in this District.  *See Legg v. Spirit Airlines*, No. 0:14-cv-61978-JIC, ECF. 151, ¶15 (S.D. Fla. Aug. 2, 2016) (FACTA case awarding one-third of gross recovery for fees, plus expenses); *Legg v. Laboratory Corp. of America*, No. 0:14-cv-61543-RLR, ECF 227, p.7 (S.D. Fla. Feb. 18, 2016)

(same); *Muransky v. Godiva Chocolatier, Inc.*, No. 0:15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) (same).

14.     Accordingly, Class Counsel are hereby awarded $_____ from the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  Further, Class Counsel are hereby awarded $_____ for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses among Class Counsel.

15.     Shane Flaum is hereby compensated in the amount of $_____ for his efforts in this case.  Jason Alan is hereby compensated in the amount of $_____ for his efforts in this case.

16.     Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose.  The Class Representatives, Settlement Class Members, any Publication Notice Class Members, and Doctor's Associates are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, but only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.  Solely for purposes of such

suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17.     All Settlement Class Members, from this day forward, are permanently barred and enjoined from:  (a) asserting any Released Claims in any action or proceeding; (b) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (c) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims or the facts and circumstances relating thereto.

18.     All Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

19.     This Final Order, the final judgment to be entered pursuant to this Final Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Doctor's Associates Releasee (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9

20.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

21.     This Final Order, and the final judgment to be entered pursuant to this Final Order, shall be effective upon entry.  In the event that the Final Order and the final judgment to be entered pursuant to this Final Order are reversed or vacated pursuant to a direct appeal in this Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

22.     This Litigation is hereby dismissed on the merits and with prejudice against Class Representatives and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.


**DONE and ORDERED** in Miami, Florida, this _____ day of

_____, 2017.


_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

EXHIBIT 6

*Flaum v. Doctor's Associates, Inc.*, Case No. 16-cv-61198-CMA
**U.S.D.C. Southern District of Florida**

Kurtzman Carson Consultants LLC ("KCC"), Settlement Administrator        Toll-Free Number: 1-866-726-1092
PO Box [_____]                                                   Website: www.DAI-FACTASettlement.com
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
**ALL** OF THE INFORMATION BELOW AND YOU **MUST** SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU **MUST** SUBMIT AN ELECTRONIC SIGNATURE.  If mailed, mail this form to [INSERT
ADMINISTRATOR PO BOX FOR SETTLEMENT]

YOUR CLAIM FORM MUST BE **SUBMITTED ELECTRONICALLY OR VIA TELEPHONE OR POSTMARKED ON
OR BEFORE** [INSERT DATE - propose 60 days after Notice Deadline].

1. **CLAIMANT INFORMATION:**

_____
Claim Member Identification Number

_____   _____   _____
FIRST NAME                MIDDLE NAME               LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____   _____  _____  -  _____
CITY                                               STATE     ZIP          (optional)

_____   _____
TELEPHONE NUMBER (optional)                        E-MAIL ADDRESS

2. **AFFIRMATION:**

By signing below, I attest that the information above is true and correct to the best of my knowledge and belief.  This Claim Form
may be researched and verified by the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS?
**VISIT www.DAI-FACTASettlement.com
OR CALL [INSERT ADMIN NUMBER] or Class Counsel at 866.726.1092.**

# EXHIBIT 7

***Flaum v. Doctor's Associates, Inc..***, Case No. 16-cv-61198-CMA
**U.S.D.C. Southern District of Florida**

Kurtzman Carson Consultants LLC ("KCC"), Settlement Administrator            Toll-Free Number: 1-866-726-1092
PO Box [_____]                                                       Website: www.DAI-FACTASettlement.com
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

# PUBLICATION NOTICE CLAIM FORM
## DO NOT USE THIS FORM IF YOU RECEIVED CLASS NOTICE.
## IF YOU RECEIVED CLASS NOTICE, SUBMIT THE OTHER CLAIM FORM.

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
ALL OF THE INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM.
Mail this form to [INSERT ADMINISTRATOR PO BOX FOR SETTLEMENT]**

**YOUR CLAIM FORM MUST BE SUBMITTED VIA MAIL
POSTMARKED ON OR BEFORE [INSERT DATE -].**

1.  **CLAIMANT INFORMATION:**

_____  _____  _____
FIRST NAME               MIDDLE NAME      LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____  _____  _____ - _____
CITY                                             STATE   ZIP          (optional)

_____  _____
TELEPHONE NUMBER (optional)                       E-MAIL ADDRESS

_____
ADDRESS OF SUBWAY RESTAURANT WHERE YOU RECEIVED A PRINTED RECEIPT THAT DISPLAYED THE
EXPIRATION DATE OF YOUR CREDIT OR DEBIT CARD NUMBER

PLEASE PROVIDE THE FIRST SIX AND LAST FOUR DIGITS OF THE CREDIT OR DEBIT CARD YOU USED:

___ ___ ___ ___ ___ ___  x x x x x x  ___ ___ ___ ___

[   ] CHECK THIS BOX IF YOU HAVE A COPY OF THE RECEIPT, AND INCLUDE A COPY OF THE RECEIPT.

2.  **AFFIRMATION:**

By signing below, I verify under penalty of perjury that the information above is true and correct to the best of my knowledge and
belief.  This information provided on this Claim Form may be researched and verified by the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

## QUESTIONS?
## VISIT www.DAI-FACTASettlement.com
## OR CALL [INSERT ADMIN NUMBER] or Class Counsel at 866.726.1092.

# EXHIBIT 8

Settlement of Fair and Accurate Credit Transactions Act Litigation by Doctor's Associates, Inc.


_____ \_\_, 2017, 09:00 ET from Doctor's Associates, Inc.


MIAMI, _____ \_\_, 2017 /PRNewswire/ -- Doctor's Associates, Inc. (DAI), the franchisor of Subway® Sandwich Shops, announces that a settlement has been proposed in a putative class action lawsuit about the content of certain receipts for purchases by Subway customers. The plaintiffs in the lawsuit claimed that some receipts issued in 2016 at Subway locations in the U.S. contained the expiration date of customer credit and debit cards in violation of the Fair and Accurate Credit Transactions Act (FACTA).  DAI denies any wrongdoing and the Court has not made any findings that any of DAI's practices were improper or unlawful.

In settlement, DAI has agreed to pay $30.9 million into a settlement fund that, after payment of the expenses of administering the settlement, awards to the two class representatives for their service, and class counsel's attorneys' fees and expenses, will be distributed pro rata to customers submitting valid claims.  In return, the class members, who include anyone who, between January 1, 2016 and _____ \_\_, 2017, was provided a credit or debit card receipt containing the card expiration date at a U.S. Subway location, will give up their rights to seek relief under FACTA or on any other legal basis on claims that too much information appeared on customer receipts.

DAI is pleased that this matter has been resolved. Protecting Subway customers' information is one of its highest priorities.  A federal court must approve the settlement before it becomes final. The Court has scheduled a Settlement Fairness Hearing for _____ \_\_, 2017 and set _____ \_\_, 2017 as the deadline for filing objections to or opting out of the settlement. More detailed information and instructions, including information about the lawsuit, the attorneys' fees and class representative service awards sought, the release of claims, and how to object to or opt out of the settlement, are available at the Settlement Website, www.DAI-FACTASettlement.com.

The United States District Court for the Southern District of Florida has authorized and approved of this press release and the information available at www.DAI-FACTASettlement.com.


SOURCE Doctor's Associates Inc.