UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61198-CIV-ALTONAGA/O'Sullivan

SHANE FLAUM,

    Plaintiff,

v.

DOCTOR'S ASSOCIATES, INC.,

    Defendant.

_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
AND DIRECTING NOTICE TO THE CLASS**

**THIS CAUSE** came before the Court on Plaintiff, Shane Flaum's Motion for Preliminary Approval of Class Action Settlement [ECF No. 82]; and the Settlement Agreement and Release (*see* Mot. App. 1 [ECF No. 82-1]), both filed March 21, 2017.  Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 82]** is **GRANTED** pursuant to Federal Rule of Civil Procedure 23, and the terms of the Settlement Agreement **[ECF No. 82-1]**, including all Exhibits thereto, attached to the Motion, are preliminarily **APPROVED**, subject to further consideration at the Fairness Hearing provided for below.  This Order incorporates the Settlement Agreement, including all Exhibits.  The Settlement Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and following ongoing mediation efforts presided over by a professional mediator, Mark A. Buckstein.  The Court finds that the settlement embodied in the Settlement Agreement is sufficiently within the range of

reasonableness so that notice of the settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of the litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## I. ADDITION OF PLAINTIFF JASON ALAN TO THIS ACTION

2. Plaintiff is given leave to amend his complaint within seven days of the date of this Order to add Jason Alan as an additional Plaintiff after Defendant and Alan file their stipulation of dismissal of *Alan v. Doctor's Associates*, Case No. 0:16-CV-62677-WJZ pending before the Honorable William J. Zloch. Defendant shall file an answer within seven days of the filing of the amended complaint.

## II. THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL

3. The Settlement Class is defined as follows:

The cardholders who hold the 2,687,021 unique credit or debit card numbers based on the first six and last four digits of their accounts, whose EMV debit or credit card was used to make a purchase by tapping or inserting the card in a payment terminal at a Subway restaurant that was using a version of Subway Payment Manager that was programmed to print EMV card expiration dates on customer transaction receipts, between January 1, 2016 and the date of preliminary approval of the Settlement.

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: The district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children.

4. Also excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described below.

5. The Court makes the following determinations as to certification of the Settlement Class:

    a. The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3);

    b. The Settlement Class is so numerous that joinder of all members is impracticable;

    c. There are questions of law or fact common to the members of the Settlement Class;

    d. The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class;

    e. Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

    f. Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

    g. The Settlement Class is ascertainable; and

    h. Resolution of the claims in this litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. In accordance with Fed. R. Civ. P. 23(g), the Court determines that Plaintiff's counsel, Scott D. Owens, Keith J. Keogh, Michael S. Hilicki, Bret L. Lusskin, and Patrick Crotty, are adequate to represent the Class and appoints them Class Counsel.

### III. NOTICE TO CLASS MEMBERS

7. The Court has considered the proposed forms of notice including the Summary Notice; Full Notice for the Settlement Website; Publication Notice; Press Release

(attached as Exhibit 2, 3, 4 and 8 to the Settlement Agreement); and Settlement Claim Forms (attached as Exhibits 6 and 7 to the Settlement Agreement); and finds the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.  The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.  The notice program shall commence on or about 75 days after entry of this Order, on **June 5, 2017** (the "Notice Deadline").  The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

8. The Court appoints Kurtzman Carson Consultants LLC ("KCC") as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of the Agreement; (c) answering written and telephonic inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving

and processing Settlement Claim Forms from and distributing Settlement payments to Settlement Class Members; (g) paying from the Settlement Fund any fees and costs incurred or due to banks, credit card processing companies, or others for responding to subpoenas to locate or identify the Settlement Class Members; (h) providing Notifications to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715; and (i) otherwise assisting with implementation and administration of the terms of the Settlement Agreement.

## IV. REQUEST FOR EXCLUSION FROM THE CLASS

9. A Settlement Class Member who wishes to be excluded from the Settlement Class shall mail a written Request For Exclusion to the Claims Administrator, so that it is postmarked no later than 135 days after Preliminary Approval, by **August 4, 2017** (the "Opt-Out and Objection Deadline"), and shall clearly state the following: (a) identify the case name and number; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Flaum v. Doctor's Associates, Inc.*"

10. A Settlement Class Member who desires to opt out of the Settlement Class must take timely affirmative written action pursuant to this Order, even if he or she (a) files or has filed a separate action against any of the Doctor's Associates Releasees; or (b) is, or becomes, a putative class member in any other class action filed against any of the Doctor's Associates Releasees.

11. Any Settlement Class Member who does not properly and timely mail a Request For Exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Agreement, including the Release and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## V. OBJECTIONS

12. Objections must be received by the Objection Deadline, August 4, 2017. To be valid, the objection must include: (a) the case name and number; (b) the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his or her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he or she intends to appear at the Final Approval Hearing, either with or without counsel; (e) any documentation in support of such objection; and (f) the date of the purchase for which the Settlement Class Member received a receipt containing the expiration date of his or her debit or credit card. In addition, a Settlement Class Member who does not complete and submit a Claim Form or a Publication Claim Form must provide, to the Claims Administrator, the first six and last four digits of the credit or debit card used to make the purchase. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Paragraph shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed

from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

## VI. PROOFS OF CLAIM

13. To effectuate the Agreement, Class Settlement, and the provisions of the Class Notice program, the Claims Administrator shall be responsible for the receipt of all Requests for Exclusion and Settlement Claim Forms. The Claims Administrator shall preserve, on paper or transferred into electronic format, all Requests for Exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Settlement Class Members relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Doctor's Associates, Inc., including prior to payments being mailed to each Settlement Class Member.

14. In order to be entitled to participate in the Class Settlement, if effectuated in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

    a. A Settlement Class Member who wishes to receive a distribution from the Settlement Fund must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, which is 135 days after Preliminary Approval, by August 4, 2017. If such Settlement Claim Form is submitted by mail via the United States Postal

Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

b. Except as provided herein, each completed Settlement Claim Form must contain the following information: (a) name; (b) physical address; (c) phone number, which shall be optional; and (d) email address to the extent that the Settlement Class Member has one. The website claim form will prepopulate this information as available for persons who first enter their claim ID, and will ask them to update or correct any information.

c. Settlement Claim Forms submitted by recipients of the Publication Notice must also contain verification sufficient to establish membership in the Settlement Class. The Settlement Claim Form shall require each Settlement Class Member to verify under penalty of perjury that the information he or she is providing is true and correct as of the date thereof to the best of his or her knowledge and belief. Each Settlement Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel and counsel for Doctor's Associates, Inc. about which claims should be allowed;

d. Any person to whom a Summary Notice is not mailed and who claims that between January 1, 2016 and the present, a Subway restaurant in the United States provided him or her with one or more printed point-of-sale

  credit- or debit-card transaction receipt(s) that contained the card expiration date, and who submits along with his or her Settlement Claim Form a sworn statement under penalty of perjury itemizing the store(s) that provided each such receipt and the date(s) when each such receipt was provided, shall, after the Claims Administrator validates that the transaction(s), according to records of Doctor's Associates, Inc., were at a Subway restaurants that was using a version of Subway Payment Manager programmed to pint EMV card expiration dates on customer transaction receipts, be entitled to a pro rata distribution in the same amount as Settlement Class Members to whom the Claims Administrator distributed notice by mail. A person whose claim form does not match a transaction in Doctor's Associates' records showing a receipt at a Subway restaurants that was not properly truncating receipts is not a Settlement Class Member;

e. The Claims Administrator will notify each person who filed a Settlement Claim Form or Publication Notice Claim Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Form or Publication Notice Claim Form submitted by such person and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Form or Publication Notice Claim Form that is identified. A copy of such notification shall also be

    sent by the Claims Administrator to Class Counsel and Counsel for Doctor's Associates Inc.;

  f. All Settlement Class Members who do not submit a timely Settlement Claim Form or who submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement and shall be bound by all of the terms and provisions of the Agreement; and

  g. Each Settlement Class Member who submits a Settlement Claim Form or Publication Notice Claim Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall, subject to final approval of the Agreement and Class Settlement, be bound by all the terms and provisions of the Agreement.

## VII. CONFIDENTIALITY

15. If Plaintiffs subpoena any non-party for information about the Settlement Class Members, such as contact information, that information shall be treated as confidential and not be disclosed to any person or entity other than Class Counsel, Counsel for Doctor's Associates, Inc., the Claims Administrator, the party that Plaintiffs shall subpoena and the Court. Likewise, any information received by the Claims Administrator that pertains to a particular Settlement Class Member, including transactional data of Doctor's Associates, Inc. and information submitted in conjunction with a Request for Exclusion (other than the identity of the person requesting exclusion), shall not be disclosed to any other person or entity other than

Class Counsel, Counsel for Doctor's Associates, Inc., and, if necessary, the Court, and shall otherwise be treated as provided for in the Agreement.

### VIII. FAIRNESS HEARING

16. A hearing on final settlement approval (the "Fairness Hearing") will be held on **Wednesday, October 11, 2017**, at **9:00 a.m.** before this Court, at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room 12-2, in Miami, Florida, to consider the following: (a) the fairness, adequacy, and reasonableness of this Agreement and associated settlement pursuant to the Federal Rules of Civil Procedure, applicable law, and other procedural rules and requirements; and (b) entering the Order of Final Approval.

17. At least 14 days prior to the Objection Deadline, Class Counsel shall file with the Court any fee petition.

18. At least 14 days before the Fairness Hearing, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Agreement and Class Settlement.

19. Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above and who also has timely filed an objection may appear at the Fairness Hearing in person or by counsel and may be heard to the extent allowed by the Court. However, no person shall be heard in opposition to the Agreement and Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless that person files such papers and briefs with the Court and serves them upon counsel

listed below by the Opt-Out and Objection Deadline.  Settlement Class Members who object in the manner and by the dates provided herein and in accordance with paragraph 12 above shall be subject to the jurisdiction of this Court.  Settlement Class Members who fail to object in the manner and by the dates provided herein and in accordance with paragraph 12 above shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

20. Counsel for the Parties who must be served with all documentation described above are as follows:

> Counsel for the Settlement Class:
> Keith J. Keogh
> Michael Hilicki
> Keogh Law LTD
> 55 W. Monroe Street
> Suite 3390
> Chicago, IL 60603
>
> Counsel for Doctor's Associates, Inc.:
> Peter Breslauer
> Montgomery McCracken Walker & Rhoads LLP
> 123 South Broad Street, 24th. Fl.
> Philadelphia, PA 19109

21. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action.  Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 60 days after the Claims Deadline.

22. The date and time of the Fairness Hearing shall be set forth in the Summary Notice, Full Notice, Publication Notice and the Settlement Website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members

Case 0:16-cv-61198-CMA Document 83 Entered on FLSD Docket 03/23/2017 Page 13 of 15

CASE NO. 16-61198-CIV-ALTONAGA/O'Sullivan

other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website to be established pursuant to the Class Notice program.

23. Pending Final Approval, all Settlement Class Members are preliminarily enjoined from, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), from (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims or the facts and circumstances relating thereto.

24. Upon Final Approval, all Settlement Class who do not file a timely Request for Exclusion shall be deemed to have forever released any and all of the Released Claims against any of the Doctor's Associates Releasees, as described in the Settlement Agreement, including, but not limited to, all claims that were or could have been asserted in the Litigation and all claims that relate to or arise from printing too much information on any receipts from a Subway restaurant during the settlement class period, including, but not limited to, any claims under the FACTA, for a violation of any consumer protection statutes, or regarding identity theft or the risk of identity theft. In addition, upon Final Approval, all such Settlement Class Members shall be forever enjoined and barred from asserting any of the Released Claims against any of the Doctor's Associates Releasees.

**IX.    OTHER PROVISIONS**

25. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

26. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor this Order shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification

27. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Doctor's Associates, Inc. of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs, Settlement Class Members that their claims lack merit or that the

relief requested in the Complaint in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

28. The following summarizes the deadlines stated above for issuing Class Notice and submitting claims and objections:

| | |
|---|---|
| **June 5, 2017** | Deadline for notice of the Settlement to be sent to the Settlement Class Members (Notice Deadline) |
| **July 14, 2017** | Plaintiff to file attorney fee petition |
| **August 4, 2017** | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) |
| **August 4, 2017** | Deadline for Settlement Class Members to submit a Settlement Claim Form or Publication Notice Claim Form (Claim Deadline) |
| **August 25, 2017** | Deadline for Parties to file the following: (1) List of persons who made timely and proper Requests for Exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |
| **October 11, 2017 at 9:00 a.m.** | Final Approval Hearing |

**DONE AND ORDERED** in Miami, Florida this 22nd day of March, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record