UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANE FLAUM, on behalf of himself
and all those similarly situated,

    Plaintiff,

v.

**CASE NO. 16-cv-61198-CMA**

DOCTOR'S ASSOCIATES, INC.,
a Florida corporation, doing business as
SUBWAY,

    Defendant.
_____/

## JOINT MOTION FOR STATUS CONFERENCE

The parties hereby move the Court to schedule a status conference at the earliest opportunity, before the April 12, 2018 deadline to send notice to the settlement class members regarding the settlement [ECF Nos. 83, 135]. The issues concern the status of a case pending before the Eleventh Circuit that may affect the ability to implement and obtain final approval of the settlement in this Court. In addition, the parties want to advise the Court of important information regarding the size of the class, which is now estimated to be at least 5.8 million persons and could bear on the Court's decision whether to stay proceedings at this time.

### MEMORANDUM OF LAW

1.     Plaintiff brought this class action lawsuit alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §1681c(g), which governs truncation of certain credit and debit card information on Plaintiff's and the class members' receipts. [ECF No. 82 at 5.]

1

2. The parties subsequently reached a settlement, which Plaintiff believes is the largest all-cash FACTA settlement on record, and the Court entered an order Granting Preliminary Approval of Settlement and Directing Notice to the Class. [ECF No. 83.][1]

3. At the time of preliminary approval, Defendant did not have individual class member identifying information, but was able to produce to Plaintiff approximately 2.7 million unique combinations of the first six and last four digits of the credit and debit cards used for the subject transactions. [ECF No. 82 at 7, §II, ¶A (Class Definition).] Starting with that information, Class Counsel engaged in an extensive, year-long campaign to subpoena more than a hundred banks to actually identify the class members, and obtain their contact information. [*See* ECF Nos. 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 109, 111, 114, 115, 119, 121, 127, 130, 136, 138.] Counsel's campaign was successful, the subpoenaed data has been turned over to the Claims Administrator appointed by the Court for analysis, de-duplication and processing, and it is Counsel's understanding that the Claims Administrator will finish its work in time to send notice by the April 12, 2018 deadline. The Claims Administrator has just informed Class Counsel of the final number of class members holding credit cards that match the 2.7 million "six-plus-four" combinations Defendant produced. That number is approximately 5.8 million persons, to whom direct notice is to be distributed under the Settlement Agreement.

4. These developments raise two issues that have arisen since preliminary approval that may affect the Court's decision to issue notice at this time, which the parties wish to bring to the Court's attention for its consideration before notice is sent on April 12, 2018.

---

[1] This order was subsequently amended on June 5, 2017, August 28, 2017, and January 10, 2018, principally to extend the deadlines contained therein. [ECF Nos. 88, 90, and 135.] The last order states the most-recent extension of the deadline is the final extension. [ECF No. 135.]

5. First, while this Court ruled Plaintiff has standing to assert his FACTA claims in this Court [ECF No. 27], the Eleventh Circuit has a similar FACTA class settlement before it, *Muransky v. Godiva Chocolatier, Inc.*, Case No. 16-16486 (11th Cir.). In *Muransky*, an objector challenged the approval of the settlement on appeal, and seeks to have the approval reversed and the case dismissed, by arguing the plaintiff had no standing to bring suit in the first place. *Muransky* is fully briefed, was argued on January 12, 2018, and thus may be decided shortly. If *Muransky* reaches the standing issue and affirms final approval, it would preclude a similar objector from taking the same action in this case. On the other hand, if *Muransky* decides there is no standing in that case, it could effectively invalidate the order to preliminarily approve and send notice of the settlement in this case, rendering wasted the substantial settlement funds that would be spent to send the notice to 5.8 million class members – as well as the potential cost of a later notice to inform the class members about the Settlement in the event the Court determines it cannot proceed with this case to final approval.[2] Accordingly, before issuing notice, the parties thought it prudent to bring this development to the Court's attention, so the Court could decide if it would be more appropriate to stay issuance of the notice pending a decision in *Muransky*.

6. Second, the successful campaign to identify class members has revealed that the direct notice in this case will need to be distributed to 5.8 million class members. The original information Defendant gave Plaintiff in connection with preliminary approval (*i.e.*, the first six and last four digits of the accounts used for the subject transactions) was around 2.7 million unique combinations of digits [ECF No. 82 at 7, §II, ¶A]. The Claims Administrator just informed Class Counsel that it estimates, based on its analysis, de-duplication, and processing of the data of the

---

[2] The Settlement provides that if there is a determination the court lacks jurisdiction, the parties will re-file the class settlement in state court in Illinois, as this was a bargained-for provision for the benefit of the class.

*full* 16-digit card account number and cardholder identifying information in preparing the class list, that the class size is close to 5.8 million persons. The parties remain confident that the $30,900,000 all-cash settlement remains fair, reasonable, and adequate despite the larger class size, particularly compared to other FACTA settlements that have been approved in other cases,[3] but the parties again thought it prudent to bring the matter to the Court's attention before money in the settlement fund is used to distribute class notice (and, potentially, additional notice later).

WHEREFORE, the parties respectfully request that the Court enter an order scheduling a status conference at the Court's earliest convenience to discuss two issues concerning the settlement before notice of the settlement is issued on April 12, 2018.[4]

Respectfully submitted,

BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste. 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By:   /s/ Bret L. Lusskin, Esq.
        Bret L. Lusskin, Jr., Esq.

---

[3] For example, Plaintiff's motion for preliminary approval here listed FACTA settlements found to be fair, reasonable, and adequate that only provided coupons or giftcards instead of cash. [ECF No. 82, p.12, fn. 7, citing *Katz v. ABP Corp.*, 2014 U.S. Dist. LEXIS 141223 at *2 (E.D.N.Y. Oct. 3, 2014) (FACTA class settlement that gives class members a choice to make a claim for $9.60 in cash or a coupon for $15 off of future purchases from defendant); *Hanlon v. Palace Entm't Holdings*, LLC, 2012 U.S. Dist. LEXIS 364 at *14-*15 (W.D. Pa. Jan. 3, 2012) (FACTA class settlement that provides the class with admission tickets to defendant's amusement park); *Todd v. Retail Concepts Inc.*, 2008 U.S. Dist. LEXIS 117126 at *16 (M.D. Tenn. Aug. 22, 2008) (FACTA class settlement providing a $15 credit on class members' next purchase of $125 or more from the defendant); *Palamara v. Kings Family Restaurants*, 2008 U.S. Dist. LEXIS 33087 at *9-*10 (W.D. Pa. Apr. 22, 2008) (FACTA class settlement providing vouchers worth an average of $4.38 each to get appetizers, soup, desserts and other small menu items when visiting the defendant's restaurants in future)].

[4] Class Counsel requests the proposed conference be scheduled to take place on a date other than April 2-4, because Counsel must participate in a mediation in California on those dates that was set in February of this year.

        Florida Bar No. 28069

ATTORNEYS FOR PLAINTIFF

HARGROVE LAW GROUP
433 Plaza Real, Suite 275
Boca Raton, FL   33432
Telephone: (561) 962-4191
jrh@hargrovelawgroup.com

By:   /s/ John R. Hargrove, Esq.
       John R. Hargrove, Esq.
       Florida Bar No. 0173745

Peter Breslauer
MONTGOMERY MCCRACKEN
  WALKER & RHOADS LLP
123 South Broad Street, 24th Floor
Philadelphia, PA   19109
Telephone: (215) 772-7271
pbreslauer@mmwr.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2018, I electronically field the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Jr., Esq.
Florida Bar No. 28069