

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHANE FLAUM, et al.,
Plaintiffs,

CASE NO. 16- 61198

v.

DOCTOR'S ASSOCIATES, INC.,
Defendant.

## OBJECTION OF KERRY ANN SWEENEY PRO SE TO PROPOSED SETTLEMENT & NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

NOW COMES, Pro Se Objector KERRY ANN SWEENEY, PRO SE and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief Kerry Ann Sweeney, Pro Se ("Objector") has reviewed that certain notice of class action and proposed settlement which is not dated (the "Notice"). As a result, she believes that she is a member of the class, as it is defined in that Notice. She has filed a claim via the electronic claim form on the settlement website. Her address, e-mail address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Final Approval Hearing at 9:00 a.m. on March 8, 2019 at Room 12-2 in the United

States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.

## **REASONS FOR OBJECTING TO THE SETTLEMENT**

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

### A. CLAIMS ADMINISTRATION

Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the two law firms involved in this case) to monitor the settlement process to its ultimate completion.

It would obviously be more prudent to withhold all or a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to

"put its final stamp of approval" on the case.

Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. (the "Act") Rule 23 F.R.C.P.(the "Rule") the body of case law developed in the federal system (all three collectively referred to herein as "Class Action Policy").

Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard" for Class Action settlements.

## B. ATTORNEY FEES

Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

Moreover, the fee calculation is unfair in that the percentage of the settlement amount is far too high. Although the amount of time between the filing of the complaint and the settlement date and the corresponding Docket

Entries are not fully dispositive of whether attorney fees are reasonable, they are, most certainly, indicative of the economy of a quick resolution verus a prolonged litigation.

    After a review of the Docket there appears to be only 161 Docket Entries. Further regarding the Docket Entries, many were in the form of a Notice (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others Docket Entries were in regard to a *pro hoc vice* requests or changes in counsel; some of entries were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and, finally there were many Docket Entries from the Court or the Clerk's Office regarding procedural items. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees in the amount of $10,300,000.00. The 161 Docket Entries in a case that Class Counsel is asking for $10,300,000.00 in attorney fees equates to a breathtaking $63,975.00 PER DOCKET ENTRY !

    Most class action cases go on for years. This class action went on for months. The complaint was file on June 15, 2016. The settlement agreement was agreed to in principle in February 2017, some 8 1/2 months after the case was commenced. Whatever the reasons for the quick resolution-there was in fact, a quick resolution.

Furthermore, there were no, motions for summary judgment, lengthy discovery disputes, depositions, trial preparation, trial nor an appeal. Just a Complaint and an Answer Motion to dismiss (never adjudicated) and a settlement.

### C. OTHER OBJECTIONS

The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

### CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Respectfully submitted,

_Kerry Anthony Pro Se_

Kerry Ann Sweeney, Pro Se
1223 20th Street
Unit 101
Santa Monica, CA   90404
424-299-0832
Email:kerryannsweney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2019, I caused to be filed the foregoing with the Clerk of the Court for the Southern District of Florida, by sending this document via First Class U.S. Mail to the Clerk. When the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF electronic filing system ling system will be noticed. In addition, the undersigned has sent a copy via electronic mail to all counsel of record.

*/s/ Kerry Ann Sweeney*
Kerry Ann Sweeney, Pro Se



SUBWAY
1323 10th ST
UNIT 101
SANTA MONICA CA
90404

USMS INSPECTED RECEIVED

CLERK OF COURTS
USDC - SOUTHERN DIST-FLORIDA
WILKIE D. FERGUSON JR. COURTHOUSE
400 NORTH MIAMI AVENUE
MIAMI, FL 33128